1  CAROLYNE LOHR
   38965 Dexter Rd Spc 20
2  Dexter OR 97431
   541-292-2829
3  tinyhouseshed@gmail.com

FILED 07 JAN '26 14:13 USDC-ORE

4  CAROLYNE LOHR, IN PRO PER,
5  BY AND THROUGH
   ATTORNEY-IN-FACT/CARETAKER
6  DANIEL LOHR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON (EUGENE DIVISION)**

| | |
|---|---|
| CAROLYNE LOHR<br>DANIEL LOHR<br><br>Plaintiff(s),<br><br>vs.<br><br>METCO INVESTMENT REALTY, INC.;<br>MATTHEW BRYSON, individually; KIM<br>ARMSTRONG, individually; PATRICE SLATEN,<br>individually; BENNY POON and MARY POON,<br>individually; and JOHN DOE 1 (Supervisor),<br><br>Defendant(s). | Case No.: 6:26-CV-00034-AP<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

**CLAIMS:**

1. FHA: Failure to Accommodate - Disability

2. FHA: Religious Discrimination

3. FHA: Disparate Impact

4. Violation of ORS 659A.145

-1-

COMPLAINT

## I. NATURE OF THE ACTION

1. This is a civil rights action to redress the systemic discrimination faced by an 80-year-old disabled woman and her caretaker son. Defendants utilized a "machine of denial"—rigid, unwritten policies and subjective "demeanor" assessments—to reject Plaintiffs' housing application without engaging in the interactive process required by federal law.

2. Despite Plaintiffs explicitly requesting a reasonable accommodation for disability and offering to **pre-pay the entire year's rent** to mitigate any risk, Defendants summarily denied the application. This refusal was based on a rigid demand for Social Security Numbers ("SSN") that failed to account for Plaintiffs' sincerely held religious beliefs and disability-related needs.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) as this action arises under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.* Supplemental jurisdiction for state law claims is proper under 28 U.S.C. § 1367.

4. Venue is proper in the District of Oregon under 28 U.S.C. § 1391(b) because the events giving rise to the claim occurred in Lane County, Oregon.

## III. PARTIES

5. **Plaintiffs:** Carolyne Lohr is an individual with a disability as defined by 42 U.S.C. § 3602(h). Daniel Lohr is her son and primary caretaker.

6. **Defendant Metco Investment Realty, Inc.** ("Metco") is an Oregon corporation acting as a housing provider.

7. **Defendant Matthew Bryson** is the Principal Broker of Metco who, upon information and belief, reviewed, ratified, and directed the discriminatory conduct.

8. **Defendants Kim Armstrong and Patrice Slaten** are agents of Metco who processed the application, refused accommodations, and issued the denial.

9. **Defendants Benny Poon and Mary Poon** are the owners of the subject property who authorized Metco's discriminatory screening practices.

10. **Defendant John Doe 1** is an unidentified supervisor who, upon information and belief, participated in the denial decision.

## IV. FACTUAL ALLEGATIONS

11. On January 6, 2025, Plaintiffs applied for the rental property at 1975 Chambers St., Eugene, OR. The application disclosed that Carolyne Lohr is 80 years old and disabled.

12. On January 17, 2025, Defendant Slaten demanded a Social Security card. Plaintiff Dan Lohr objected, citing a sincerely held religious belief against "numbering of the flesh," and offered a valid U.S. Passport and Real ID as alternative identification.

13. On January 23, 2025, Plaintiff Dan Lohr formally requested a **"reasonable accommodation"** in light of his mother's disability, requesting flexibility in income verification methods due to their unique financial situation as caretakers/retirees.

14. **The Offer of Pre-Payment:** To address any financial concerns, Plaintiffs explicitly offered to pay the **entire year's rent in advance** via guaranteed funds.

15. **Refusal to Engage:** Defendants failed to engage in any interactive dialogue regarding these requests. On January 30, 2025, Defendant Armstrong texted Plaintiff: *"The decision has been made and there is nothing more to discuss,"* confirming the refusal to consider the accommodation.

16. **Pattern and Practice:** Upon information and belief, Defendants engage in a pattern or practice of discrimination by maintaining unwritten, subjective screening criteria—such

as assessments of applicant "demeanor" and rigid demands for SSNs—that disproportionately exclude applicants with disabilities and religious objections.

17. This pattern is consistent with national data showing that disability discrimination comprises approximately **55% of all fair housing complaints**, yet formal requests are rare due to applicant deterrence (See *National Fair Housing Alliance 2025 Trends Report*). Defendants' lack of FHA training and policy regarding accommodations acted as a systemic barrier to Plaintiffs' tenancy.

## V. CAUSES OF ACTION

**FIRST CAUSE OF ACTION (Violation of FHA -**

**42 U.S.C. § 3604(f)(3)(B) - Failure to Accommodate Disability)**

18. Plaintiffs reallege paragraphs 1-17.

19. Defendants discriminated against Plaintiffs by refusing to make reasonable accommodations in rules, policies, practices, or services (specifically, accepting pre-payment of rent and alternative ID) when such accommodations were necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling.

20. Upon information and belief, Defendants engage in a pattern or practice of discrimination by maintaining unwritten, subjective screening criteria—such as assessments of applicant "demeanor" and rigid demands for Social Security Numbers without alternatives—that disproportionately exclude applicants with disabilities and sincerely held religious beliefs. This is supported by national data showing disability as the basis for approximately 55% of fair housing complaints (National Fair Housing Alliance 2025 Trends Report, available at nationalfairhousing.org), with widespread

underreporting due to applicant unawareness of FHA rights—making formal accommodation requests rare, yet Defendants' failure to train or engage indicative of systemic recklessness. Defendant Bryson's correspondence admitting subjective "demeanor" factors and lack of interactive process mirrors HUD pattern or practice cases, such as U.S. v. Thomas Ray Kelso (E.D. Ark. 2025), where repeated policy failures led to injunctive relief and damages. Defendants' failure to engage in the interactive process constitutes a distinct and actionable violation of the FHA. See *Giebeler v. M&B Associates*, 343 F.3d 1143 (9th Cir. 2003) (recognizing liability where landlord policies prevent disabled persons from accessing housing, even where alternative financial accommodations like pre-payment are offered). Defendants' machine of denial offends justice's veil, blinding them to the vulnerable's plight.

### SECOND CAUSE OF ACTION (Violation of FHA -

### 42 U.S.C. § 3604(a) - Religious Discrimination)

**Religious Discrimination (42 U.S.C. § 3604(b); ORS 659A.421)**: Defendants discriminated on the basis of religion by refusing to accommodate Plaintiff Daniel Lohr's sincerely held belief against providing a Social Security Number (described as 'numbering of the flesh,' rooted in religious objections to government identification systems). Despite alternatives (Real ID/passport) and no legitimate need for SSN in non-credit rental screening, Defendants insisted, denying equal terms/conditions.

21. Plaintiffs reallege paragraphs 1-17.

22. Defendants discriminated on the basis of religion by refusing to accommodate Plaintiff Daniel Lohr's sincerely held belief against providing a Social Security Number ("numbering of the flesh").

-5-

COMPLAINT

23. Defendants rejected facial valid alternatives (Passport/Real ID) that imposed no undue burden on their business operations.

### THIRD CAUSE OF ACTION (Violation of FHA -

### 42 U.S.C. § 3604 - Disparate Impact)

**Disparate Impact**: Defendants' neutral policy requiring full SSN verification has a disproportionate adverse impact on persons with religious objections to SSN use and those with disabilities requiring privacy protections or alternative income proof (e.g., prepaid rent for fixed-income elderly). This policy lacks business necessity and less discriminatory alternatives exist (e.g., passport/Real ID + prepay), violating FHA disparate impact doctrine (Tex. Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc., 576 U.S. 519 (2015). Upon information and belief, Defendants' lack of written FHA/religious accommodation policies and reliance on subjective 'demeanor' assessments indicate a pattern/practice of discrimination against disabled and religious applicants, warranting broad discovery into prior denials.

24. Plaintiffs reallege paragraphs 1-17.

25. Defendants' neutral policy requiring strict SSN verification has a disproportionate adverse impact on persons with religious objections and those with disabilities requiring privacy protections. This policy lacks business necessity as less discriminatory alternatives (e.g., accepting pre-paid rent and government ID) exist. *Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519 (2015).

## FOURTH CAUSE OF ACTION (Violation of ORS 659A.145 - Discrimination in Real Property Transactions)

26. Plaintiffs reallege paragraphs 1-17.

27. Defendants' conduct violates Oregon state law prohibiting discrimination based on disability and religion.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A. **Compensatory Damages** in an amount to be determined at trial, exceeding $150,000, for out-of-pocket costs (hotel expenses) and emotional distress;

B. **Punitive Damages** against all individual Defendants for their reckless indifference to Plaintiffs' federally protected rights;

C. **Injunctive Relief** ordering Defendants to adopt written accommodation policies and undergo Fair Housing training; and

D. **Attorney's Fees and Costs** pursuant to 42 U.S.C. § 3613(c)(2).

DATED: January 7, 2026

*[signature: Carolyne Lohr]*

Daniel Lohr

In pro per

COMPLAINT