IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CAROLYNE LOHR and DANIEL LOHR,

              Plaintiffs,

     v.

METCO INVESTMENT REALTY, INC.,
MATTHEW BRYSON, KIM ARMSTRONG,
PATRICE SLATEN, BENNY POON, MARY
POON, BRIAN COX, JOHN DOE 1, and JOHN
DOE 2,

              Defendants.

Case No. 6:26-cv-00034-AP

**FINDINGS &
RECOMMENDATION**

POTTER, United States Magistrate Judge:

Before the Court is Plaintiffs Carolyne and Daniel Lohr's First Amended Complaint.
ECF No. 9 (FAC). This Court previously dismissed Plaintiffs' complaint because Daniel Lohr, as
a non-attorney, cannot bring claims on behalf of another person. January 23, 2026, Order, ECF
No. 7. Further, the Court noted that to the extent that Daniel Lohr seeks to proceed with his own
claims, he must either pay the filing fee or submit his own application to proceed *in forma
pauperis*. *Id*.

Plaintiffs' amended complaint does not cure the deficiencies the Court identified in the
original complaint. Instead, Plaintiffs moved to appoint Daniel Lohr as Next Friend and
Guardian ad Litem for Plaintiff Carolyne Lohr.[1] Pls.' Mot. Next Friend, ECF No. 10. However,

---

[1] In the alternative, Plaintiff asked that the Court appoint pro bono counsel to represent
Plaintiff Carolyne Lohr. Mot. Appoint Pro Bono Counsel, ECF No. 12. Because Plaintiff failed
to show exceptional circumstances that justify appointing counsel, the Court denied this motion.
*See* April 14, 2026 Order, ECF No. 16.

PAGE 1 – FINDINGS & RECOMMENDATION

even if the Court were to grant the motion, Daniel Lohr would still be unable to bring claims on behalf of Carolyn Lohr without the assistance of an attorney.

A next friend or guardian ad litem represents the interests of minor or incompetent person, but a non-attorney next friend still cannot "pursu[e] claims on behalf of others in a representative capacity." *Gamboa v. Garland*, No. 3:26-CV-0469-DMS-JLB, 2026 WL 221796, at *1 (S.D. Cal. Jan. 28, 2026) (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008)). Instead, as the Court's Local Rules provide, a next friend or guardian ad litem can "[r]etain, or ratify the retention of, qualified counsel to pursue the protected person's claim." LR 17(b)(1).

Because Plaintiff Carolyne Lohr's claims cannot be brought without the assistance of counsel, her claims should be dismissed without prejudice. As the Court noted in its previous order, if Plaintiff Daniel Lohr wishes to proceed with his own claims, he must either pay the filing fee or submit his own application to proceed *in forma pauperis*. Because he has not, his claims should also be dismissed without prejudice.

## RECOMMENDATION

Plaintiffs' First Amended Complaint (ECF No. 9) should be dismissed without prejudice. All pending motions should be denied as moot.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

PAGE 2 – FINDINGS & RECOMMENDATION

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 15th day of April, 2026.

        /s/Amy E. Potter
AMY E. POTTER
United States Magistrate Judge

PAGE 3 – FINDINGS & RECOMMENDATION