# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| CAROLYNE LOHR and DANIEL LOHR,<br><br>Plaintiffs,<br><br>v.<br><br>METCO INVESTMENT REALTY, INC., MATTHEW BRYSON, KIM ARMSTRONG, PATRICE SLATEN, BENNY POON, MARY POON, BRIAN COX, JOHN DOE 1, and JOHN DOE 2,<br><br>Defendants. | Case No. 6:26-cv-00034-AP<br><br>PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS METCO INVESTMENT REALTY, INC., MATTHEW BRYSON, KIM ARMSTRONG, AND PATRICE SLATEN<br><br>NOT FILED WITH THE COURT PURSUANT TO FED. R. CIV. P. 5(d)(1) |

---

TO: Defendants Metco Investment Realty, Inc., Matthew Bryson, Kim Armstrong, and Patrice Slaten, and their attorneys of record, David W. Corneil and Y. Moin Ghadimi, Gordon Rees Scully Mansukhani, LLP.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Carolyne P. Lohr and Daniel Lohr request that each Defendant to whom these requests are directed produce for inspection and copying the following documents and electronically stored information within thirty (30) days after service.

Documents must be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in these requests. Fed. R. Civ. P. 34(b)(2)(E)(i). Electronically stored information must be produced in the form in which it is ordinarily maintained or in a reasonably usable form. Fed. R. Civ. P. 34(b)(2)(E)(ii).

An objection must state whether any responsive materials are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(C). Plaintiffs are prepared to enter a stipulated

protective order governing Social Security numbers, consumer report data, and third-party tenant records, and will not treat the absence of such an order as an excuse for delay.

## DEFINITIONS AND INSTRUCTIONS

1. “You” and “Your” mean the responding Defendant, and where the responding Defendant is Metco Investment Realty, Inc., also its officers, employees, agents, brokers, and any person acting on its behalf.
2. “Metco” means Metco Investment Realty, Inc. “Plaintiffs” means Carolyne P. Lohr and Daniel Lohr.
3. “The Property” means the residential dwelling located at 1975 Chambers Street, Eugene, Oregon 97405.
4. “The Applications” means the online rental application submitted by Daniel Lohr on January 16, 2025 and the online rental application submitted by Carolyne Lohr on January 20, 2025.
5. “Document” has the broadest meaning permitted by Fed. R. Civ. P. 34(a)(1)(A) and includes electronically stored information, text messages, emails, database records, AppFolio records, property-management system entries, screening-portal records, audit logs, and metadata.
6. “Identify,” as to a person, means to state the person's full name, last known address, telephone number, email address, and relationship to any Defendant. As to a document, it means to state its date, author, recipients (including blind copy recipients), type, and present custodian.

7. “Communication” means any transmission of information in any form, including text message, email, letter, voicemail, oral conversation, and entries in any property-management or screening software.

8. “Relevant period” means January 1, 2023 through the present unless a different period is stated.

9. These requests are continuing. If You obtain information or documents after responding that render a response incomplete or incorrect, You must supplement under Fed. R. Civ. P. 26(e).

10. If You withhold any document or information on a claim of privilege, You must produce a privilege log describing the nature of the withheld material in a manner that, without revealing privileged information, will enable Plaintiffs to assess the claim. Fed. R. Civ. P. 26(b)(5)(A). For each withheld communication the log must state the date, author, every recipient including blind copy recipients, and the subject matter.

11. Produce electronically stored information in native format with metadata intact. Text messages must be produced with sender, recipient, and timestamp fields, as they appear in the “Text Message History” format Metco has previously generated for telephone number (541) 292-2829.

## **REQUESTS FOR PRODUCTION**

1. The complete AppFolio file for Daniel Lohr's January 16, 2025 application, in native format, including all pages, attachments, uploaded documents, audit trails, access logs, and metadata showing every occasion on which the file was viewed, modified, or annotated.

2. The complete AppFolio file for Carolyne Lohr's January 20, 2025 application, in the same form and with the same metadata.

3. All documents evidencing every consumer report, screening report, credit report, criminal background report, or eviction report obtained concerning either Plaintiff, including the report itself, the request, and the response.

4. All documents evidencing the date, requester, and claimed permissible purpose of any report described in Request No. 3.

5. All agreements, service contracts, terms of service, subscriber agreements, and end-user certifications between Metco and AppFolio, Inc., TransUnion, or any other consumer reporting agency or screening vendor in effect during January 2025.

6. All documents evidencing the disposition of the screening fees paid by each Plaintiff, including whether either was refunded.

7. The complete file concerning Oregon Real Estate Agency Case No. 2025-44, including Metco's position statement, every exhibit and supplement submitted, all drafts, and all communications with the Agency.

8. All versions of Metco's written Applicant Screening Criteria in effect at any time during the relevant period.

9. All versions of Metco's Terms of Agreement and Applicant Authorization in effect at any time during the relevant period.

10. All documents, guidance, training materials, or written standards concerning the evaluation of applicant demeanor or behavior under Metco's screening criteria.

11. All documents referring to Daniel Lohr's demeanor, attitude, behavior, tone, manner, or character.

12. All documents referring to Carolyne Lohr's age, disability, medical condition, or health.

13. The complete text message history between Metco and telephone number (541) 292-2829 for the period January 1, 2025 through March 31, 2025, in native format with all metadata.

14. All internal communications among any Defendants or Metco personnel between January 16, 2025 and March 31, 2025 concerning either Plaintiff or the Applications, including emails, text messages, instant messages, and handwritten or electronic notes.

15. All documents concerning the January 23, 2025 accommodation request, including any internal discussion of whether it qualified for accommodation under the Fair Housing Act and any record of the determination that it did not.

16. The January 29, 2025 denial letter, all drafts, and all documents showing who completed it, when, and on what basis.

17. The January 31, 2025 email from Matthew Bryson titled "1975 Chambers St - Application Denial," produced with complete header and recipient fields showing every addressee, carbon copy, and blind carbon copy recipient.

18. All communications between any Defendant and Brian Cox concerning either Plaintiff or the Applications, together with the privilege log required by Instruction 10 for any document withheld.

19. All communications between any Defendant and Benny Poon or Mary Poon concerning either Plaintiff, the Applications, or the subsequent tenancy of the Property.

20. The written property management agreement between Metco and Benny Poon and/or Mary Poon in effect in January 2025, including all exhibits and amendments.

21. All written policies concerning reasonable accommodation, disability, religious accommodation, the interactive process, or Fair Housing Act compliance in effect during the relevant period. If no such policy exists, produce a written statement confirming its absence.

22. All Fair Housing Act training materials, attendance records, certificates, continuing education records, and completion logs for Matthew Bryson, Kim Armstrong, Patrice Slaten, Brent Zimmer, and Sherry Bryson during the relevant period.

23. The complete tenant file for every person who leased the Property after January 29, 2025, including the application, screening report, income documentation, identification provided, and lease. Personal identifiers may be redacted pursuant to a protective order.

24. Documents sufficient to identify every rental application denied during the relevant period where a recorded reason included failure to provide a Social Security card, Social Security Number verification, profit and loss statement, or tax return. Personal identifiers may be redacted.

25. Documents sufficient to identify every rental application denied during the relevant period where demeanor, behavior, or attitude was a recorded factor. Personal identifiers may be redacted.

26. All documents concerning any request for reasonable accommodation or modification received by Metco during the relevant period. Personal identifiers may be redacted.

27. All complaints, charges, or inquiries alleging housing discrimination made against any Defendant to HUD, the Oregon Real Estate Agency, the Oregon Bureau of Labor and Industries, or any court during the relevant period, together with all responses.

28. All documents constituting or evidencing any litigation hold issued in this matter and all documents evidencing compliance with it.

29. All document retention and destruction policies in effect during the relevant period, including any policy governing retention of text messages and AppFolio records.

30. All insurance policies, declarations pages, and reservation of rights letters that may provide coverage for any claim in this action, including errors and omissions and professional liability coverage.

31. All documents supporting each affirmative defense asserted in Your Answer.

32. All documents You intend to rely upon at trial or in support of any dispositive motion.

33. All documents concerning Plaintiffs' offer to prepay twelve months of rent, including any internal discussion of whether to accept it.

34. Documents sufficient to identify the roles, job titles, and reporting relationships of Brent Zimmer and Sherry Bryson during January 2025.

35. All notices of adverse action sent to either Plaintiff pursuant to 15 U.S.C. § 1681m.

DATED: September 17, 2026

/s/ Carolyne P. Lohr
**CAROLYNE P. LOHR**
Plaintiff, Pro Se
38965 Dexter Road SPC 20
Dexter, OR 97431
(541) 292-2829
tinyhouseshed@gmail.com

/s/ Daniel Lohr
**DANIEL LOHR**
Plaintiff, Pro Se
38965 Dexter Road SPC 20
Dexter, OR 97431
(541) 292-2829
tinyhouseshed@gmail.com

## CERTIFICATE OF SERVICE

I certify that on the date set forth below I served the foregoing document on counsel for Defendants Metco Investment Realty, Inc., Matthew Bryson, Kim Armstrong, and Patrice Slaten by electronic mail to dcorneil@grsm.com and yghadimi@grsm.com, and by first-class United States mail, postage prepaid, addressed to Gordon Rees Scully Mansukhani, LLP, 1300 SW Fifth Avenue, Suite 2000, Portland, Oregon 97201.

Pursuant to Fed. R. Civ. P. 5(d)(1), this discovery request is not being filed with the Court.

DATED: September 17, 2026

/s/ Daniel Lohr
DANIEL LOHR, Plaintiff Pro Se