# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| CAROLYNE LOHR and DANIEL LOHR,<br><br>Plaintiffs,<br><br>v.<br><br>METCO INVESTMENT REALTY, INC., MATTHEW BRYSON, KIM ARMSTRONG, PATRICE SLATEN, BENNY POON, MARY POON, BRIAN COX, JOHN DOE 1, and JOHN DOE 2,<br><br>Defendants. | Case No. 6:26-cv-00034-AP<br><br>PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANTS METCO INVESTMENT REALTY, INC., MATTHEW BRYSON, KIM ARMSTRONG, AND PATRICE SLATEN<br><br>NOT FILED WITH THE COURT PURSUANT TO FED. R. CIV. P. 5(d)(1) |

TO: Defendants Metco Investment Realty, Inc., Matthew Bryson, Kim Armstrong, and Patrice Slaten, and their attorneys of record, David W. Corneil and Y. Moin Ghadimi, Gordon Rees Scully Mansukhani, LLP.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiffs Carolyne P. Lohr and Daniel Lohr request that each Defendant to whom these requests are directed admit the truth of each of the following matters. Each Defendant must respond separately in writing within thirty (30) days after service.

If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter, and when good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest. Fed. R. Civ. P. 36(a)(4).

A party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. Id.

A matter is admitted unless, within thirty (30) days after service of these requests, the party to whom they are directed serves a written answer or objection. Fed. R. Civ. P. 36(a)(3). Any matter admitted is conclusively established unless the Court, on motion, permits the admission to be withdrawn or amended. Fed. R. Civ. P. 36(b).

## DEFINITIONS

1. "You" and "Your" mean the responding Defendant, and where the responding Defendant is Metco Investment Realty, Inc., also its officers, employees, agents, brokers, and any person acting on its behalf.
2. "Metco" means Metco Investment Realty, Inc.
3. "Plaintiffs" means Carolyne P. Lohr and Daniel Lohr.
4. "The Property" means the residential dwelling located at 1975 Chambers Street, Eugene, Oregon 97405.
5. "Consumer report" has the meaning given in 15 U.S.C. § 1681a(d).
6. "Applicant Screening Criteria" means the document bearing that title produced by Metco to the Oregon Real Estate Agency in Case No. 2025-44.
7. "Terms of Agreement" means the document titled "Metco Investment Realty, Inc. Terms of Agreement" appearing within Metco's online rental application.
8. "Communication" means any transmission of information in any form, including text message, email, letter, voicemail, and oral conversation.

9. Times stated in these requests are approximate and drawn from Metco's own text message history for telephone number (541) 292-2829. A minor discrepancy in a stated time is not a basis to deny a request; if You contend a stated time is inaccurate, admit the substance and state the correct time.

## REQUESTS FOR ADMISSION

### A. THE APPLICATIONS

1. Admit that Daniel Lohr submitted an online rental application for the Property through the AppFolio platform on January 16, 2025.
2. Admit that the application referenced in Request No. 1 was submitted at approximately 3:39 p.m. on January 16, 2025.
3. Admit that Metco sent Daniel Lohr an electronic confirmation of that application on January 16, 2025.
4. Admit that the application referenced in Request No. 1 contained an entry in a field labeled “SSN (or ITIN).”
5. Admit that the entry in that field was a nine-digit number.
6. Admit that Metco was in possession of the nine-digit number referenced in Request No. 5 on January 16, 2025.
7. Admit that the application referenced in Request No. 1 contained an entry in a field labeled “Government Issued ID #.”
8. Admit that Carolyne Lohr submitted an online rental application for the Property on January 20, 2025.
9. Admit that Carolyne Lohr's application contained her Social Security Number.

10. Admit that Metco charged and retained a separate application screening fee from each Plaintiff.

11. Admit that Metco did not refund either screening fee.

12. Admit that Matthew Bryson's written response to the Oregon Real Estate Agency in Case No. 2025-44 states that Daniel Lohr submitted his application on January 6, 2025.

13. Admit that Daniel Lohr did not submit an application for the Property on January 6, 2025.

## B. THE CONSUMER REPORT

14. Admit that Metco obtained a consumer report concerning Daniel Lohr.

15. Admit that the consumer report referenced in Request No. 14 was obtained on or after January 16, 2025.

16. Admit that Metco used the nine-digit number entered on Daniel Lohr's application to obtain that consumer report.

17. Admit that Metco's Terms of Agreement in effect in January 2025 identified TransUnion as the screening company or credit reporting agency.

18. Admit that Metco's Applicant Authorization in effect in January 2025 identified AppFolio, Inc. as a third-party consumer reporting agency.

19. Admit that the denial letter dated January 29, 2025 contains a mark indicating that the adverse action was based in whole or in part on a credit report.

20. Admit that the denial letter dated January 29, 2025 identifies Trans Union as the consumer reporting agency that provided a report.

21. Admit that Matthew Bryson's written response to the Oregon Real Estate Agency states that neither Plaintiff's credit score was used for or stated as a reason for the denial of the application.

22. Admit that Metco obtained a consumer report concerning Carolyne Lohr.

**C. THE IDENTITY VERIFICATION DEMANDS**

23. Admit that on January 17, 2025 at approximately 8:13 a.m., Patrice Slaten sent Daniel Lohr a text message requesting an image of his Social Security card.

24. Admit that on January 17, 2025 at approximately 9:04 a.m., Daniel Lohr responded that he had lost his Social Security card years earlier.

25. Admit that on January 17, 2025 at approximately 9:08 a.m., Daniel Lohr sent a text message stating that he did not believe in "numbering of the flesh."

26. Admit that no Defendant asked Daniel Lohr any question about the statement referenced in Request No. 25.

27. Admit that on January 17, 2025 at approximately 9:14 a.m., Daniel Lohr asked whether a passport would satisfy the identification requirement.

28. Admit that Patrice Slaten responded that a passport does not contain a Social Security number.

29. Admit that Metco's written Applicant Screening Criteria in effect in January 2025 required a valid Social Security card or ITIN card.

30. Admit that Metco's Terms of Agreement in effect in January 2025 stated that if an applicant cannot provide a social security or ITIN card but can provide an alternative, Metco will consider the alternative on a case-by-case basis.

31. Admit that Metco did not consider Daniel Lohr's United States Passport as an alternative under the provision referenced in Request No. 30.

32. Admit that Metco did not consider Daniel Lohr's REAL ID as an alternative under the provision referenced in Request No. 30.

33. Admit that Metco has no written standard governing when an alternative to a Social Security card will be accepted.

34. Admit that Metco did not provide either Plaintiff with a written copy of its Applicant Screening Criteria before denying the application.

## D. THE JANUARY 23, 2025 ACCOMMODATION REQUEST

35. Admit that at approximately 1:31 p.m. on January 23, 2025, Daniel Lohr sent Patrice Slaten a text message stating: “Ok. We are requesting reasonable accommodation in light of mom's disability.”

36. Admit that at approximately 1:33 p.m. on January 23, 2025, Patrice Slaten sent Daniel Lohr a text message stating: “Please provide any relevant information for the accommodation request.”

37. Admit that at approximately 1:37 p.m. on January 23, 2025, Daniel Lohr sent a text message stating that his mother was 80 years old and disabled.

38. Admit that the message referenced in Request No. 37 requested help “on the income front.”

39. Admit that the message referenced in Request No. 37 stated that Plaintiffs could prepay the entire year's rent if necessary.

40. Admit that at approximately 1:39 p.m. on January 23, 2025, Patrice Slaten replied: “Thank you.”

41. Admit that after 1:39 p.m. on January 23, 2025, no Defendant asked Daniel Lohr any question about the nature of Carolyne Lohr's disability.

42. Admit that after 1:39 p.m. on January 23, 2025, no Defendant asked Daniel Lohr to identify a specific accommodation.

43. Admit that no Defendant requested documentation of Carolyne Lohr's disability.

44. Admit that Metco determined that the January 23, 2025 request did not qualify for accommodation under the Fair Housing Act.

45. Admit that Metco never communicated the determination referenced in Request No. 44 to Daniel Lohr.

46. Admit that Metco never communicated the determination referenced in Request No. 44 to Carolyne Lohr.

47. Admit that no Defendant provided any written response to the January 23, 2025 accommodation request.

48. Admit that no Defendant offered Plaintiffs any accommodation.

49. Admit that Metco did not accept Plaintiffs' offer to prepay twelve months of rent.

50. Admit that Metco has no written policy prohibiting acceptance of prepaid rent.

51. Admit that as of January 2025 Metco had no written policy governing requests for reasonable accommodation under the Fair Housing Act.

52. Admit that as of January 2025 Metco had no written policy governing requests for religious accommodation.

**<u>E. DEMEANOR AS A SCREENING CRITERION</u>**

53. Admit that Metco's written Applicant Screening Criteria in effect in January 2025 contained a section titled “DEMEANOR AND BEHAVIOR.”

54. Admit that the section referenced in Request No. 53 states that the behavior and demeanor of applicants during the application process will be considered.

55. Admit that the Applicant Screening Criteria do not define the term "demeanor."

56. Admit that the Applicant Screening Criteria do not identify who evaluates an applicant's demeanor.

57. Admit that the Applicant Screening Criteria do not state any standard by which demeanor is measured.

58. Admit that the recommendation to deny Plaintiffs' application included a notation of concern regarding Daniel Lohr's demeanor.

59. Admit that Daniel Lohr's demeanor was a factor in the decision to deny Plaintiffs' application.

60. Admit that the denial letter dated January 29, 2025 does not reference demeanor.

61. Admit that the text message sent by Kim Armstrong on January 30, 2025 at approximately 3:48 p.m. does not reference demeanor.

62. Admit that Matthew Bryson's written response to the Oregon Real Estate Agency states that Daniel Lohr's demeanor could itself have been grounds for denial.

## F. THE DENIAL AND POST-DENIAL COMMUNICATIONS

63. Admit that Metco issued a written denial of Plaintiffs' application dated January 29, 2025.

64. Admit that the January 29, 2025 denial letter was transmitted from the address donotreply@appfolio.com.

65. Admit that the only reason stated on the January 29, 2025 denial letter under "Failure to meet other screening guidelines" was the word "Criteria."

66. Admit that at approximately 3:48 p.m. on January 30, 2025, Kim Armstrong sent Daniel Lohr a text message stating that the application was denied for failure to provide a social security card and proof of income in the form of a profit and loss statement or tax returns.

67. Admit that at approximately 4:00 p.m. on January 30, 2025, Kim Armstrong sent Daniel Lohr a text message stating: "The decision has been made and there is nothing more to discuss."

68. Admit that at approximately 2:33 p.m. on January 31, 2025, Matthew Bryson sent Daniel Lohr an email titled "1975 Chambers St - Application Denial."

69. Admit that the email referenced in Request No. 68 was blind-copied to bcox@coxassociates.info.

70. Admit that the email referenced in Request No. 68 was blind-copied to bzimmer@metcorealty.com.

71. Admit that the email referenced in Request No. 68 was blind-copied to karmstrong@metcorealty.com.

72. Admit that the email referenced in Request No. 68 was blind-copied to pslaten@metcorealty.com.

73. Admit that the email referenced in Request No. 68 was blind-copied to sbryson@metcorealty.com.

74. Admit that Brent Zimmer was an employee or agent of Metco in January 2025.

75. Admit that Sherry Bryson was an employee or agent of Metco in January 2025.

76. Admit that Brian Cox was acting as legal counsel to Metco on January 31, 2025.

77. Admit that Matthew Bryson submitted a written response to the Oregon Real Estate Agency in Case No. 2025-44 on or about February 11, 2025.

**G. THE SUBSEQUENT TENANT**

78. Admit that the Property was leased to a person other than Plaintiffs after January 29, 2025.

79. Admit that Metco required the person referenced in Request No. 78 to provide a physical Social Security card.

80. Admit that Metco obtained a consumer report concerning the person referenced in Request No. 78.

81. Admit that the person referenced in Request No. 78 provided two years of tax returns to Metco.

**H. TRAINING**

82. Admit that Patrice Slaten received no Fair Housing Act training during the twelve months preceding January 2025.

83. Admit that Kim Armstrong received no Fair Housing Act training during the twelve months preceding January 2025.

84. Admit that Matthew Bryson received no Fair Housing Act training during the twelve months preceding January 2025.

85. Admit that Metco has never provided its employees with written guidance on how to respond to a request for reasonable accommodation.

**I. AGENCY AND COVERAGE**

86. Admit that Metco is a housing provider subject to the Fair Housing Act, 42 U.S.C. § 3601 et seq.

87. Admit that Matthew Bryson, Kim Armstrong, and Patrice Slaten were each acting within the course and scope of their employment with or agency for Metco at all times relevant to this action.

88. Admit that Metco managed the Property pursuant to a written property management agreement with Benny Poon and Mary Poon.

89. Admit that the agreement referenced in Request No. 88 authorized Metco to approve or deny rental applications for the Property.

## J. AFFIRMATIVE DEFENSES

90. Admit that You do not contend that any claim asserted in the First Amended Complaint was filed after the applicable statute of limitations expired.

91. Admit that You cannot identify any specific dwelling that Plaintiffs failed to pursue after January 29, 2025.

92. Admit that You contend Plaintiffs never requested a reasonable accommodation.

## K. THE SCREENING VENDOR AND THE ADVERSE ACTION NOTICE

93. Admit that Metco used the tenant screening service of AppFolio, Inc. in connection with Daniel Lohr's application.

94. Admit that AppFolio, Inc. obtains credit information from Experian.

95. Admit that any consumer report Metco obtained concerning Daniel Lohr through AppFolio, Inc. contained credit information originating from Experian.

96. Admit that Metco did not obtain a consumer report concerning Daniel Lohr directly from Trans Union.

97. Admit that Metco did not identify Experian on the January 29, 2025 denial letter.

98. Admit that Metco did not identify AppFolio, Inc. on the January 29, 2025 denial letter.

99. Admit that Metco did not identify Experian RentBureau on the January 29, 2025 denial letter.

100. Admit that Metco obtained rental history information concerning Daniel Lohr from Experian RentBureau.

## L. SCREENING CHARGES AND WRITTEN CRITERIA — ORS 90.295 AND 90.304

101. Admit that Metco charged Daniel Lohr an applicant screening charge in connection with his application.

102. Admit that Metco charged Carolyne Lohr a separate applicant screening charge in connection with her application.

103. Admit that Metco did not provide Daniel Lohr with a receipt for his applicant screening charge.

104. Admit that Metco did not provide Carolyne Lohr with a receipt for her applicant screening charge.

105. Admit that Metco did not provide Daniel Lohr with confirmation of any screening conducted by a tenant screening company or consumer reporting agency, including a copy of a receipt from that company or agency.

106. Admit that Metco did not provide Carolyne Lohr with confirmation of any screening conducted by a tenant screening company or consumer reporting agency, including a copy of a receipt from that company or agency.

107. Admit that Metco did not refund Daniel Lohr's applicant screening charge.

108. Admit that Metco did not refund Carolyne Lohr's applicant screening charge.

109. Admit that Metco did not provide either Plaintiff with a written copy of its Applicant Screening Criteria before either Plaintiff submitted an application.

DATED: September 17, 2026

/s/ Carolyne P. Lohr
**CAROLYNE P. LOHR**
Plaintiff, Pro Se
38965 Dexter Road SPC 20
Dexter, OR 97431
(541) 292-2829
tinyhouseshed@gmail.com

/s/ Daniel Lohr
**DANIEL LOHR**
Plaintiff, Pro Se
38965 Dexter Road SPC 20
Dexter, OR 97431
(541) 292-2829
tinyhouseshed@gmail.com

## CERTIFICATE OF SERVICE

I certify that on the date set forth below I served the foregoing PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION on counsel for Defendants Metco Investment Realty, Inc., Matthew Bryson, Kim Armstrong, and Patrice Slaten by electronic mail to dcorneil@grsm.com and yghadimi@grsm.com, and by first-class United States mail, postage prepaid, addressed to Gordon Rees Scully Mansukhani, LLP, 1300 SW Fifth Avenue, Suite 2000, Portland, Oregon 97201.

Pursuant to Fed. R. Civ. P. 5(d)(1), this discovery request is not being filed with the Court.

DATED: September 17, 2026

/s/ Daniel Lohr
DANIEL LOHR, Plaintiff Pro Se