# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| CAROLYNE LOHR and DANIEL LOHR,<br><br>Plaintiffs,<br><br>v.<br><br>METCO INVESTMENT REALTY, INC., MATTHEW BRYSON, KIM ARMSTRONG, PATRICE SLATEN, BENNY POON, MARY POON, JOHN DOE 1, and JOHN DOE 2,<br><br>Defendants. | Case No. 6:26-cv-00034-AP<br><br>PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSION TO DEFENDANTS METCO INVESTMENT REALTY, INC., MATTHEW BRYSON, KIM ARMSTRONG, AND PATRICE SLATEN<br><br>NOT FILED WITH THE COURT PURSUANT TO FED. R. CIV. P. 5(d)(1) |

TO: Defendants Metco Investment Realty, Inc., Matthew Bryson, Kim Armstrong, and Patrice Slaten, and their attorneys of record, David W. Corneil and Y. Moin Ghadimi, Gordon Rees Scully Mansukhani, LLP.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiffs request that each Defendant to whom these requests are directed admit the truth of each of the following matters, separately and in writing, within thirty (30) days after service. These requests are numbered consecutively following Plaintiffs' First Set of Requests for Admission, served September 17, 2026.

Requests seeking application of law to fact are permitted by Fed. R. Civ. P. 36(a)(1)(A). A party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. Fed. R. Civ. P. 36(a)(4). If a party fails to admit a matter that is later proved, the Court must, on motion, order that party to pay the reasonable expenses incurred in making that proof. Fed. R. Civ. P. 37(c)(2).

## DEFINITIONS

1. "You" and "Your" mean the responding Defendant, and where the responding Defendant is Metco Investment Realty, Inc., also its officers, employees, and agents.

2. "Metco" means Metco Investment Realty, Inc. "The Property" means the residential dwelling located at 1975 Chambers Street, Eugene, Oregon 97405.

## REQUESTS FOR ADMISSION

### A. DISABILITY

110. Admit that Carolyne P. Lohr was 80 years of age on January 23, 2025.

111. Admit that on January 23, 2025, You were informed in writing that Carolyne P. Lohr was disabled.

112. Admit that You have no information indicating that Carolyne P. Lohr was not a person with a disability in January 2025.

113. Admit that as of January 2025 Carolyne P. Lohr had a physical or mental impairment that substantially limited one or more major life activities.

114. Admit that as of January 2025 Carolyne P. Lohr was a person with a handicap as that term is defined in 42 U.S.C. § 3602(h).

115. Admit that no Defendant requested any information or documentation from either Plaintiff concerning the nature or extent of Carolyne P. Lohr's disability.

### B. THE HOUSEHOLD AND ITS INCOME

116. Admit that Daniel Lohr's application of January 16, 2025 identified Carolyne P. Lohr as a person applying with him.

117. Admit that Carolyne P. Lohr's application of January 20, 2025 stated her reason for leaving her prior residence as "Health reasons....moved in with family/son."

118. Admit that on January 17, 2025, Daniel Lohr asked Patrice Slaten by text message whether Carolyne P. Lohr could be made the lead applicant.

119. Admit that no Defendant offered to evaluate the application with Carolyne P. Lohr as the lead applicant.

120. Admit that Carolyne P. Lohr was not employed in January 2025.

121. Admit that Carolyne P. Lohr's application of January 20, 2025 disclosed monthly income of $1,987.00 from Social Security.

122. Admit that Carolyne P. Lohr's monthly income, standing alone, was less than two and one-half times the monthly rent for the Property.

123. Admit that Metco's Applicant Screening Criteria required combined household gross income of at least two and one-half times the monthly rent.

124. Admit that Metco's screening process required each adult occupant to be screened as a financially responsible applicant.

125. Admit that as of January 2025 Metco had no written policy for evaluating a live-in caregiver differently from a co-tenant.

126. Admit that Carolyne P. Lohr intended to reside at the Property.

127. Admit that Daniel Lohr intended to reside at the Property with Carolyne P. Lohr.

## C. EVALUATION OF THE REQUESTED ACCOMMODATION

128. Admit that before January 29, 2025, no Defendant evaluated whether accepting twelve months of prepaid rent from Plaintiffs would impose any financial burden on Metco or on the owners of the Property.

129. Admit that before January 29, 2025, no Defendant evaluated whether accepting twelve months of prepaid rent from Plaintiffs would impose any administrative burden on Metco.

130. Admit that You have no document reflecting any evaluation, before January 29, 2025, of the cost, burden, or feasibility of accepting twelve months of prepaid rent from Plaintiffs.

131. Admit that accepting twelve months of prepaid rent would have reduced the risk of nonpayment of rent for the Property during the first year of a lease.

132. Admit that the owners of the Property were not consulted before Metco determined that Plaintiffs' accommodation request did not qualify.

133. Admit that the owners of the Property were not consulted before Plaintiffs' application was denied.

134. Admit that as of 1:39 p.m. on January 23, 2025, You possessed all of the information You required to decide whether to grant Plaintiffs' accommodation request.

135. Admit that as of January 2025 Metco had no written procedure requiring a response to a request for reasonable accommodation within any specified period of time.

136. Admit that the monthly rent advertised for the Property in January 2025 was $1,995.00.

137. Admit that the Property contained three or more bedrooms.

138. Admit that in the five years preceding January 2025, Metco accepted prepaid rent for more than one month in advance from at least one tenant of a property it managed.

139. Admit that neither Benny Poon nor Mary Poon was informed of Plaintiffs' accommodation request before January 29, 2025.

DATED: October 5, 2026

/s/ Carolyne P. Lohr

**CAROLYNE P. LOHR**
Plaintiff, Pro Se
38965 Dexter Road SPC 20
Dexter, OR 97431
(541) 292-2829
tinyhouseshed@gmail.com

/s/ Daniel Lohr
**DANIEL LOHR**
Plaintiff, Pro Se
38965 Dexter Road SPC 20
Dexter, OR 97431
(541) 292-2829
tinyhouseshed@gmail.com

## CERTIFICATE OF SERVICE

I certify that on the date set forth below I served the foregoing on counsel for the Metco Defendants by electronic mail to dcorneil@grsm.com and yghadimi@grsm.com, and on self-represented Defendants Benny Poon and Mary Poon by electronic mail to DanaPoon@ymail.com, pursuant to Fed. R. Civ. P. 5(a)(1)(C). Pursuant to Fed. R. Civ. P. 5(d)(1), this discovery request is not being filed with the Court.

/s/ Daniel Lohr
DANIEL LOHR, Plaintiff Pro Se