# EXHIBIT 5

Carolyne Lohr, Plaintiff, Pro Se
Daniel Lohr, Plaintiff, Pro Se
38965 Dexter Road, Space 20
Dexter, Oregon 97431
Telephone: (541) 292-2829
Email: tinyhouseshed@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| CAROLYNE LOHR and DANIEL LOHR,<br><br>Plaintiffs,<br><br>v.<br><br>METCO INVESTMENT REALTY, INC., MATTHEW BRYSON, KIM ARMSTRONG, PATRICE SLATEN, BENNY POON, MARY POON, JOHN DOE 1, and JOHN DOE 2,<br><br>Defendants. | Case No. 6:26-cv-00034-AP<br><br>PLAINTIFFS' THIRD SET OF REQUESTS FOR ADMISSION TO DEFENDANTS METCO INVESTMENT REALTY, INC., MATTHEW BRYSON, KIM ARMSTRONG, AND PATRICE SLATEN (NOS. 140–192)<br><br>NOT FILED WITH THE COURT PURSUANT TO FED. R. CIV. P. 5(d)(1) |

TO: Defendants Metco Investment Realty, Inc., Matthew Bryson, Kim Armstrong, and Patrice Slaten, and their attorneys of record, David W. Corneil and Y. Moin Ghadimi, Gordon Rees Scully Mansukhani, LLP.

Under Rule 36 of the Federal Rules of Civil Procedure, Plaintiffs request that each Defendant to whom these requests are directed admit, separately and in writing, the truth of each matter below, and the genuineness of each document described below and attached, within thirty (30) days after service. Fed. R. Civ. P. 36(a)(1)(A)–(B), (a)(3). These requests are numbered consecutively after Plaintiffs' Second Set of Requests for Admission (Nos. 110–139).

## INSTRUCTIONS

1. Each Defendant must answer separately. Where a request names an individual Defendant, that Defendant's answer must reflect that Defendant's own knowledge, and Metco's answer must reflect information known or reasonably available to Metco.
2. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter, and when good faith requires that a party qualify an answer or deny only a part, the answer must specify the part admitted and qualify or deny the rest. Fed. R. Civ. P. 36(a)(4).
3. A party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. Fed. R. Civ. P. 36(a)(4).
4. A matter is admitted unless, within thirty days after being served, the party to whom the request is directed serves a written answer or objection addressed to the matter and signed by the party or its attorney. Fed. R. Civ. P. 36(a)(3).
5. If a party fails to admit what is requested and the requesting party later proves the matter or the genuineness of the document, the Court must, on motion, order the party that failed to admit to pay the reasonable expenses incurred in making that proof. Fed. R. Civ. P. 37(c)(2).
6. These requests are continuing. A party who has responded must supplement or correct its response in a timely manner as required by Fed. R. Civ. P. 26(e).

## DEFINITIONS

1. “Metco” means Defendant Metco Investment Realty, Inc., and its officers, employees, and agents.
2. “The Property” means the residential dwelling located at 1975 Chambers Street, Eugene, Oregon 97405.
3. “The accommodation request” means the request Daniel Lohr made by text message at approximately 1:31 p.m. on January 23, 2025, together with the messages that followed it that afternoon, including the offer to prepay a year's rent.
4. “Applicant Screening Criteria” means the document reproduced as Exhibit T-3 and any other written criteria Metco applied to rental applicants for the Property in January 2025.
5. “Exhibit” followed by a designation beginning “T-” means the document so marked and attached to these requests.

## EXHIBITS ATTACHED

T-1. The text messages exchanged between Daniel Lohr and Metco personnel from January 16, 2025 through January 30, 2025, as reproduced in the attached screenshots.

T-2. The written notice of denial dated January 29, 2025 concerning the applications for 1975 Chambers Street, Eugene, Oregon.

T-3. Metco's document titled “APPLICANT SCREENING CRITERIA” produced to the Oregon Real Estate Agency.

T-4. Metco's Terms of Agreement for rental applicants, including the provision addressing applicants who cannot provide a Social Security or ITIN card.

T-5. The written response of Matthew Bryson to the Oregon Real Estate Agency concerning Plaintiffs' complaint.

T-6. The email sent by Matthew Bryson on or about January 31, 2025.

T-7. The application record for Carolyne Lohr dated January 20, 2025.

## REQUESTS FOR ADMISSION

### A. GENUINENESS OF DOCUMENTS

**REQUEST FOR ADMISSION NO. 140:**

Admit that Exhibit T-1 is a genuine copy of the text messages exchanged between Daniel Lohr and Metco personnel from January 16, 2025 through January 30, 2025, as reproduced in the attached screenshots.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 141:**

Admit that Exhibit T-2 is a genuine copy of the written notice of denial dated January 29, 2025 concerning the applications for 1975 Chambers Street, Eugene, Oregon.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 142:**

Admit that Exhibit T-3 is a genuine copy of Metco's document titled "APPLICANT SCREENING CRITERIA" produced to the Oregon Real Estate Agency.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 143:**

Admit that Exhibit T-4 is a genuine copy of Metco's Terms of Agreement for rental applicants, including the provision addressing applicants who cannot provide a Social Security or ITIN card.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 144:**

Admit that Exhibit T-5 is a genuine copy of the written response of Matthew Bryson to the Oregon Real Estate Agency concerning Plaintiffs' complaint.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 145:**

Admit that Exhibit T-6 is a genuine copy of the email sent by Matthew Bryson on or about January 31, 2025.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 146:**

Admit that Exhibit T-7 is a genuine copy of the application record for Carolyne Lohr dated January 20, 2025.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 147:**

Admit that each message in Exhibit T-1 attributed to Patrice Slaten, Kim Armstrong, or any other Metco employee was sent by that person.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 148:**

Admit that each message in Exhibit T-1 sent by Daniel Lohr was received by Metco on the date and at approximately the time shown.

**RESPONSE:**

**<u>REQUEST FOR ADMISSION NO. 149:</u>**

Admit that Exhibits T-2, T-3, T-4, and T-7 were made at or near the time of the events they record and were kept in the course of Metco's regularly conducted business activity.

**RESPONSE:**

**<u>REQUEST FOR ADMISSION NO. 150:</u>**

Admit that Exhibit T-3 was the version of Metco's Applicant Screening Criteria in effect in January 2025.

**RESPONSE:**

**B. THE APPLICATIONS AND THE INCOME REQUIREMENT**

**<u>REQUEST FOR ADMISSION NO. 151:</u>**

Admit that Metco evaluated the applications of Carolyne Lohr and Daniel Lohr together as a single household application.

**RESPONSE:**

**<u>REQUEST FOR ADMISSION NO. 152:</u>**

Admit that the decision to deny Carolyne Lohr's application rested in whole or in part on the income, or the verification of income, of Daniel Lohr.

**RESPONSE:**

**<u>REQUEST FOR ADMISSION NO. 153:</u>**

Admit that Metco did not deny Carolyne Lohr's application because of her rental history.

**RESPONSE:**

**<u>REQUEST FOR ADMISSION NO. 154:</u>**

Admit that Metco did not deny Carolyne Lohr's application because of any criminal history.

**RESPONSE:**

**<u>REQUEST FOR ADMISSION NO. 155:</u>**

Admit that Metco did not deny Carolyne Lohr's application because of any failure by Carolyne Lohr to provide identification.

**RESPONSE:**

**<u>REQUEST FOR ADMISSION NO. 156:</u>**

Admit that, apart from the income requirement and verification of household income, Carolyne Lohr's application satisfied Metco's Applicant Screening Criteria.

**RESPONSE:**

**<u>REQUEST FOR ADMISSION NO. 157:</u>**

Admit that Metco did not offer to evaluate Carolyne Lohr's application without including the income of Daniel Lohr.

**RESPONSE:**

**C. THE PREPAYMENT ACCOMMODATION**

**<u>REQUEST FOR ADMISSION NO. 158:</u>**

Admit that accepting prepayment of twelve months of rent from Plaintiffs would not have imposed an undue financial burden on Metco.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 159:**

Admit that accepting prepayment of twelve months of rent from Plaintiffs would not have imposed an undue financial burden on Benny Poon or Mary Poon.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 160:**

Admit that accepting prepayment of twelve months of rent from Plaintiffs would not have imposed an undue administrative burden on Metco.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 161:**

Admit that accepting prepayment of twelve months of rent from Plaintiffs would not have required a fundamental alteration of the nature of Metco's property management operations.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 162:**

Admit that Oregon law did not prohibit Metco from accepting prepayment of twelve months of rent for the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 163:**

Admit that before January 29, 2025, no Defendant identified any risk to Metco, Benny Poon, or Mary Poon that would result from accepting prepayment of rent from Plaintiffs.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 164:**

Admit that before January 29, 2025, no Defendant informed Benny Poon or Mary Poon of Plaintiffs' offer to prepay rent.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 165:**

Admit that neither Benny Poon nor Mary Poon instructed Metco to deny Plaintiffs' applications.

**RESPONSE:**

**D. METCO'S PRACTICES WITH OTHER APPLICANTS (JANUARY 1, 2022 THROUGH JANUARY 31, 2025)**

**REQUEST FOR ADMISSION NO. 166:**

Admit that during the period stated in this section heading, Metco approved at least one applicant whose household income did not meet the minimum income requirement in Metco's Applicant Screening Criteria.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 167:**

Admit that during the period stated in this section heading, Metco approved at least one applicant on the strength of a co-signer or guarantor in place of meeting the minimum income requirement.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 168:**

Admit that during the period stated in this section heading, Metco approved at least one applicant on the condition of an additional or increased security deposit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 169:**

Admit that during the period stated in this section heading, Metco approved at least one applicant who did not provide a Social Security card.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 170:**

Admit that during the period stated in this section heading, Metco approved at least one applicant who provided an Individual Taxpayer Identification Number rather than a Social Security number.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 171:**

Admit that during the period stated in this section heading, Metco approved at least one applicant whose identification consisted of a United States passport.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 172:**

Admit that Metco's Applicant Screening Criteria in effect in January 2025 permitted exceptions to the minimum income requirement.

**RESPONSE:**

**E. WHO DECIDED, AND WHAT THEY KNEW**

**REQUEST FOR ADMISSION NO. 173:**

Admit that Matthew Bryson made the final decision to deny Plaintiffs' applications.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 174:**

Admit that before the January 29, 2025 denial issued, Matthew Bryson knew that Daniel Lohr had requested a reasonable accommodation on January 23, 2025.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 175:**

Admit that before the January 29, 2025 denial issued, Kim Armstrong knew that Daniel Lohr had requested a reasonable accommodation on January 23, 2025.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 176:**

Admit that the person who made the final decision to deny Plaintiffs' applications knew, when making that decision, that Plaintiffs had offered to prepay twelve months of rent.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 177:**

Admit that the person who made the final decision to deny Plaintiffs' applications knew, when making that decision, that Carolyne Lohr had been described to Metco as disabled.

**RESPONSE:**

**F. THE REFUSAL**

**<u>REQUEST FOR ADMISSION NO. 178:</u>**

Admit that the January 29, 2025 denial was Metco's final decision on Plaintiffs' applications.

**RESPONSE:**

**<u>REQUEST FOR ADMISSION NO. 179:</u>**

Admit that no Defendant reconsidered the denial of Plaintiffs' applications after January 29, 2025.

**RESPONSE:**

**<u>REQUEST FOR ADMISSION NO. 180:</u>**

Admit that between 1:39 p.m. on January 23, 2025 and the issuance of the January 29, 2025 denial, no Defendant communicated with either Plaintiff about the accommodation request.

**RESPONSE:**

**<u>REQUEST FOR ADMISSION NO. 181:</u>**

Admit that the January 29, 2025 denial issued without any Defendant having granted the accommodation request, denied it in writing, or proposed an alternative to it.

**RESPONSE:**

**<u>REQUEST FOR ADMISSION NO. 182:</u>**

Admit that no Defendant ever told either Plaintiff that the accommodation request was under consideration.

**RESPONSE:**

## G. THE STATED BASIS FOR THE DENIAL

**<u>REQUEST FOR ADMISSION NO. 183:</u>**

Admit that no Defendant requested a consumer report concerning Carolyne Lohr in connection with her January 2025 application.

**RESPONSE:**

**<u>REQUEST FOR ADMISSION NO. 184:</u>**

Admit that no Defendant requested a consumer report concerning Daniel Lohr in connection with his January 2025 application.

**RESPONSE:**

**<u>REQUEST FOR ADMISSION NO. 185:</u>**

Admit that no Defendant received any consumer report concerning either Plaintiff in connection with the January 2025 applications.

**RESPONSE:**

**<u>REQUEST FOR ADMISSION NO. 186:</u>**

Admit that the statement in Exhibit T-2 that the adverse action was based on information in a consumer report was not accurate.

**RESPONSE:**

**<u>REQUEST FOR ADMISSION NO. 187:</u>**

Admit that Exhibit T-2 does not mention the accommodation request.

**RESPONSE:**

**H. KNOWLEDGE OF FAIR HOUSING OBLIGATIONS**

**<u>REQUEST FOR ADMISSION NO. 188:</u>**

Admit that in January 2025 Metco knew that the Fair Housing Act requires housing providers to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling.

**RESPONSE:**

**<u>REQUEST FOR ADMISSION NO. 189:</u>**

Admit that before January 2025 Matthew Bryson had received training concerning reasonable accommodation obligations under the Fair Housing Act.

**RESPONSE:**

**<u>REQUEST FOR ADMISSION NO. 190:</u>**

Admit that before January 2025 Kim Armstrong had received training concerning reasonable accommodation obligations under the Fair Housing Act.

**RESPONSE:**

**<u>REQUEST FOR ADMISSION NO. 191:</u>**

Admit that before January 2025 Patrice Slaten had received training concerning reasonable accommodation obligations under the Fair Housing Act.

**RESPONSE:**

**<u>REQUEST FOR ADMISSION NO. 192:</u>**

Admit that in January 2025 Metco held a license from the Oregon Real Estate Agency to engage in the management of rental real estate.

**RESPONSE:**

DATED: October 7, 2026


_______________________________
Carolyne Lohr
Plaintiff, Pro Se

_______________________________
Daniel Lohr
Plaintiff, Pro Se

38965 Dexter Road, Space 20
Dexter, Oregon 97431
(541) 292-2829
tinyhouseshed@gmail.com


**CERTIFICATE OF SERVICE**

I certify that on the date below I served the foregoing Plaintiffs' Third Set of Requests for Admission, with Exhibits T-1 through T-7, on the following persons by electronic mail and by first-class United States mail, postage prepaid, under Fed. R. Civ. P. 5(b)(2)(C) and (E):

David W. Corneil and Y. Moin Ghadimi
Gordon Rees Scully Mansukhani, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, Oregon 97201
dcorneil@grsm.com; yghadimi@grsm.com
Attorneys for Defendants Metco Investment Realty, Inc., Matthew Bryson, Kim Armstrong, and Patrice Slaten

Benny Poon and Mary Poon (copy)
1124 NE 186th Drive

Portland, Oregon 97230
By email to DanaPoon@ymail.com
Self-represented Defendants

DATED: October 7, 2026

______________________________
Carolyne Lohr, Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON — EUGENE DIVISION**

Carolyne Lohr and Daniel Lohr v. Metco Investment Realty, Inc., et al.
Case No. 6:26-cv-00034-AP

# EXHIBITS T-1 THROUGH T-7 TO PLAINTIFFS' THIRD SET OF REQUESTS FOR ADMISSION TO THE METCO DEFENDANTS (NOS. 140–192)

| Exhibit | Document | Pages here |
|---|---|---|
| **T-1** | The text messages exchanged between Daniel Lohr and Metco personnel from January 17, 2025 through January 30, 2025, as reproduced in screenshots. | 2–15 (cover + 13) |
| **T-2** | The written notice of denial dated January 29, 2025 concerning the applications for 1975 Chambers Street, Eugene, Oregon. | 16–17 (cover + 1) |
| **T-3** | Metco's document titled "APPLICANT SCREENING CRITERIA" produced to the Oregon Real Estate Agency. | 18–19 (cover + 1) |
| **T-4** | Metco's Terms of Agreement for rental applicants, including the provision addressing applicants who cannot provide a Social Security or ITIN card (first page, final paragraphs). | 20–22 (cover + 2) |
| **T-5** | The written response of Matthew Bryson to the Oregon Real Estate Agency concerning Plaintiffs' complaint. | 23–26 (cover + 3) |
| **T-6** | The email sent by Matthew Bryson on or about January 31, 2025 (subject: "1975 Chambers St - Application Denial"). | 27–28 (cover + 1) |
| **T-7** | The application record for Carolyne Lohr dated January 20, 2025. | 29–36 (cover + 7) |

Notes
1. Redactions. Exhibit T-7 is redacted under Fed. R. Civ. P. 5.2(a) to remove Ms. Lohr's Social Security number, the month and day of her date of birth, and her government identification number. Each redaction is shown in a black box. Nothing else has been altered.
2. Stamps. Each original page is reproduced in full, reduced slightly to leave room for the exhibit stamp at the foot of the page. Nothing has been cropped. Any labels on the originals (for example "Exhibit 'A'") were added when the documents were first compiled and are not part of these exhibit designations.
3. Sources. Each exhibit's cover sheet states its source. "OREA" means the Oregon Real Estate Agency.

# EXHIBIT T-1

The text messages exchanged between Daniel Lohr and Metco personnel from January 17, 2025 through January 30, 2025, as reproduced in screenshots.

Source: Plaintiffs' export of the text-message thread with Metco's texting number, (508) 589-4231.

13 pages follow.

Text Message
Fri, Jan 17, 8:13 AM

This is Patti at Metco. Thank you for your application. I am going to need an image of your Social Security card, please, it is a requirement of the application. Also, Since you own and operate your business, I will need 2 years of P & L statements or 2 years of taxes, please. I will need Carolyne's application as soon as possible, please. Thank you
Reply STOP to unsubscribe.

Hi Patti

My email is; pslaten@metcoralty.com if you would like to send it securely, or you can bring in the information.

I lost my ss card years ago.  I do have a real id though just received my new drivers license.

I can prepay the entire years rent if that helps.  Would I get a discount 😀

Mom might have all of her stuff maybe we make her the lead applicant?

Correction: pslaten@metcorealty.com
Your taxes should show your name and FULL SS number on the same official page, that is what I need. I'll have to ask about the discount question.

Why all of the need for social security number verification?   I don't believe in numbering of the flesh.

If this is a deal killer I understand.

Have you heard of Joseph Bannister?  He is an ex IRS agent.  He used to train agents to carry a gun.  When he learned the truth he stopped filing...about 25 years ago. Same for me.

This is a deep rabbit hole but it will lead you to the same conclusion,  I've been tie to toe with the IRS twice and sent them packing...twice.  Once you know the scam they leave you alone

We have had issues in the past with people using someone else's SSnumber. We need to verify that the number you provide is the one assigned to you. We need to see your card or an official page that contains your name and FULL SSnumber on the same page. This is what we need for running a credit check

Once criminally. They don't even know their own laws. Average agent is an idiot and working under an alias. Fact

Real ID is the best I can do. Did you know it's illegal to use a social security number to verify identity? I can quote you the statue I just need to look it up.

It's so funny our government breaks their own laws all the time. It's a joke

Will a passport do? I have that too.

Passport does not have your SS number.

So it's a "no" then without all of this stuff? I don't want to waste time

*We need verification of income. If you own a business, we need proof of income.*

Bank statements?

I've opened like 10 bank accounts in the last several years. Not one has asked me for my actual social security card

Please have Kim call me

Please let her see these texts

*You can send the bank statements. I will have Kim call you.*

Do you have the ones I sent in with the application?

Yes, *they are attached*.

Ok use that.  If after I speak with Kim we are proceeding I can give more detail.  You otherwise I don't want to waste time.  There are a lot of other houses coming on the market and I will note to focus on private individuals not management companies

The screenshots do not have your name or banking institution on them.

I have that.  Have Kim call me before we go further

I spoke with Kim, she is unavailable at the moment. She did say that we do need proof of income, please.

Ok give me a minute

Look at the statement I sent for Carolyne it shows her social security check just received.  Please confirm you at least see that

I made sure to include that.  Look at the bottom of the picture

I see that the SSnumber is XXX-XX-1604. I will need the FULL SS number and name on an official page.

That's your software hiding it.  I have a passport to verify who I am

And a real id.  I am not asking for credit

Landlord history and criminal is kore important.  I've been a landlord

OK, I still  need proof of income, please.

Mon, Jan 20, 10:10 AM

This is Patti at Metco. The email you provided for your rental reference at 11903 Combie Rd, is not a good email. Please reach out to Sara Christie and get a good email for me to send the rental reference.  I need this as soon as possible. Thank you

It's been a few years and haven't been in touch with her. Did you try calling or texting her? Her dad is the founder of Christy corporation

Can you give me her cell phone number? It will save me from having to look it up

Mon, Jan 20, 11:12 AM

I still have not received Carolyne's application. Your application is considered incomplete without it. The phone number you provided for Sara Christie is 916-416-6054. I still need something that contains your name and FULL SSnumber, please.

How do I submit Carolyne's? How do I reopen the application to add mom's info?

Sarah's new email is sarahpchri01@outlook.com I just hung up with her

You do a completely new application for Carolyne. Just have her apply to the same address that you applied, I will link them on my end. 1975 chambers St

So pay the fee again?

Yes, each person living in the unit, over the age of 18, needs to fill out an application.

Mon, Jan 20, 1:30 PM

Sent

Tue, Jan 21, 11:32 AM

This is Patti at Metco. Thank you for the bank statements. Do you have any other proof of income?

No. Self employed

Can prepay the whole year if necessary

Would like a small discount if we do that, however. Otherwise money sits in Tbills earning interest

I have reached out to your rental references with no reply. Would you please reach out to each one and ask them to reply to my emails. Remind them to check their spam and junk email folders, please. I need these today, if possible. Thank you

Did you try texting them? People are busy

No. I understand they are busy. I have sent them a rental reference form that needs to be filled out and returned via email. They can also fax it back to me.

Don't you have an online link or something? Nobody uses faxes anymore and who has the time to print something out and scan it? Complicated

Waaaay faster and convenient for people

Tue, Jan 21, 2:09 PM

The first email you sent to them, did you include the form as an attachment? That's a prescription that guarantees the email goes to spam. Suggestion...send a "hello" email asking for a reference, saying the next email will include a form, or a link to give their review, and then a few minutes send that email.

What is the email you used to send the request?

Wed, Jan 22, 10:03 AM

Talked to both landlords. Sarah said she will look for your email today and Jake said he doesn't really use the email I gave you and to try gamechangerbuilding@gmail.com

Thu, Jan 23, 9:59 AM

This is Patti at Metco. I still have not received a rental reference from either of your previous landlords. I need these today. Thank you

Did you hear from Casa Royale for Mom's prior apartment?

Yes, and Sarah just called me. I got hers.

My last landlord Jake was always a PITA to get ahold of for whatever. He owns the grocery outlet in Eugene. My now ex wife and daughter still live there

I'll call him if he doesn't text me back in the next hour

Jake had not owned any rental properties before....this was his first and he is such a rookie. He's since hired a management company. Maybe I'll be better results from them even though we've never met. Ex wife signed a new lease with them a few months ago. Everything for 3 years, to that point was just Jake figuring things out for himself

Sounds like Jake is the one I need to speak with, since the management company is new. I'll try to call him.

I'd suggest texting first. Wait 30 minutes then call. He never answers the phone. Rare. Calls back....sometimes

I can't text from here, he is not an applicant. I would need to use my personal phone. I will need to call him.

Let me know if he answers. I won't hold my breath. Unknown phone number. If he hasn't called you by 11am I'll start calling him every 30 minutes or so. I'll also ask my daughter for the name of the new management company....don't know if that will help.

Can you please send another email to him WITHOUT an attachment? Just a "hello" email. Hopefully it doesn't go to spam. I emailed and texted him to look for your email. Hasn't responded. Maybe I can start calling Grocery Outlet in Eugene.

So apparently Jake didn't want to pay a management company after all, and his assistant now handles it, supposedly. The name I got is John at Grocery Outlet and the person I spoke with said he just went to lunch and will be back in an hour 541-689-1132. Maybe we'll have better luck with him. Please let me know. I'll start calling Jake here in a minute. He rarely answered the phone when I was living there, and I would just handle things on my own, it was just easier, he approved, and I know what it is to be a landlord, having owned many properties

myself.

Thu, Jan 23, 12:59 PM

Any luck to Jake or John?

I received a call from Patsy

Patsy?

Patsy Plummer she said she spoke with Jake, he told her what to say.

Ok. We are requesting reasonable accommodation in light of mom's disability

Please provide any relevant information for the accommodation request.

Mom is 80 years old and is apparently disabled. Just asking for a little help on the income front, or any other concerns, if that is any concern regarding a decision on our application. We can prepay the entire year's rent if necessary

Thank you

I don't know what Jake told Patsy to say. He should have relayed that I always paid my rent, there was no eviction, no issues, and we cared for the property while living there. If he said anything different, I will consider it retaliation. I don't know. We got along for the most part, but as you know I just went through a divorce and in the months leading up to that, Jake stopped talking to me and only spoke to my now ex-wife, despite me being the breadwinner. She didn't work the entire time we were married.

Fri, Jan 24, 9:19 AM

Good morning how are you today?

Please tell Kim we have a distant ancestor on my mom's side who was court jester for Queen Elizabeth

Mon, Jan 27, 5:33 AM

You had asked about other sources of income. I forgot to mention I have 4 rental units in California. I get $1200 a month from 2 of them, $1000 a month from the third and $700 a month from the fourth. You'll see payments in the bank statements I sent you. For the two others, however, one pays by CashApp and the other by Venmo. I'll have to get you those statements.

I also trade stocks, and own some crypto. I made a few $k on on crypto (XRP), as well as stocks this month, but I can't call that a "job" as much as investment management

Mon, Jan 27, 9:08 AM




Here's a couple of months showing rent collected from

one of 4 units. I built these during Covid for Airbnb but converted them all to landlords my term rentals last year.

The rents collected for two of the other units is in the bank statements I sent you. You'll see Zelle deposits for $1200 a month and check deposits for $1000 a month. The last unit I receive on Cashapp from that tenant I'm just having a challenge getting the transactions to show on the app. Working on it




Here's rent from that last tenant

Mon, Jan 27, 12:04 PM

$1200 + $1200 + $1000 + $750 for just rents to me (not counting my realsteelhome.com business) plus $1900 for mom's social security + $230 a month she received from T Bills when we put that money back in a CD (we took it

out of the CD because she was moving) puts us over 3X income for the house rent.

Mon, Jan 27, 3:28 PM

Any news?

This is Patti at Metco. Nothing yet.

Are there any applications in for 535 E 16th Ave,Eugene, OR 97401?

Tue, Jan 28, 7:24 AM

Here's a screenshot of my trade account. I won't have a statement for a few days.

[redacted]

Tue, Jan 28, 10:01 AM

This is Patti at Metco. Currently, I do not have any applicants on that unit at 535 E 16th. You can only apply for one unit at a time. I can not transfer an application from one unit to another.

OK but I can look at, right?

The road in front of it less busy I think

Tue, Jan 28, 4:41 PM

Any news?

Wed, Jan 29, 9:59 AM

This is Patti at Metco. Nothing yet, sorry for the wait

This is Patti at Metco. Nothing yet, sorry for the wait.

Wed, Jan 29, 4:18 PM

Anything?

Is Matt the owner able to call me?

Tomorrow I'm calling the licensing board this is ridiculous

What does "criteria" mean exactly?

We offered to pay the whole year in advance. I hope Metco reconsiders. I'll be lodging a complaint with both the board and HUD

My mother is qualified to obtain section 8 and I only just learned that last week. However the consultant I hired said it will take 6-8 months for approval. He has a 98% success rate. Our hotel is $69 a night. I will be asking Metco to cover that cost until we find another place, or Metco reconsiders.

Under the privacy act and FOIA I am requesting the names of all people who touched our application as a matter of public and private interest

Thu, Jan 30, 3:46 PM

I don't have a reason why my application was denied. All it says is "criteria." What criteria? Who was the person who made the decision?

This is Kim at Metco. I saw the messages you sent today. I apologize for not getting back to you sooner but I just got back into the office. Your application was denied for not meeting our screening criteria. We asked for a social security card, proof of income in the form of a profit and loss statement or tax returns. None of these items were received as to why your application was denied. Thanks.

I offered my bank statements. If I was told I needed a P & L I could have produced one.

In other words if a P & L was a deal killer I could have easily created one

easily created one

I don't need a social security card to prove my identity. I offered my passport

Any reason why I shouldn't lodge a complaint with the board against Matt? I'm holding my breath while I have the website open, actually

I asked for reasonable accommodation....and this was ignored. That's a Fair Housing violation

Not providing a SS card is a BS rejection reason. It's not an ID card.

I've had my own businesses for some 30 years. I always employ other people. Have had as many as 30 employees. It's the lack of communication I have a problem with....and the long delay to only find out I was denied. It was unprofessional. I'm not letting this go.

Was the house rented to someone else while I was in consideration? I have a sneaky suspicion it was

Who made the denial decision? I don't see a name. I can find out now or find out in discovery. Your call. I asked for a call back from Matt and instead received a slap in the face

I stopped pursuing other properties while reasonably believing we would have the property....with a delay. I assumed you guys were just busy

I'm still hoping we can work something out... it will all come out in discovery otherwise

Not my first rodeo

The decision has been made and there is nothing more to discuss. Sorry it didn't work out. Kim

I stopped looking for other houses and lost my place in line with others I was looking at while waiting for this one that suited our needs

Disappointing. I'll circle back

# EXHIBIT T-2

The written notice of denial dated January 29, 2025 concerning the applications for 1975 Chambers Street, Eugene, Oregon.

Source: Plaintiffs' records. The same notice appears in the Oregon Real Estate Agency file.

1 page follows.

APPLICANT(S) NAME: Dan Lohr and Carolyne Lohr

**PROPERTY ADDRESS:** 1975 Chambers St

**Your application to rent the property did not meet our standards for the following reasons (check one or more):**

- ☐ Negative or insufficient reports from reference or other sources
- ☐ A prior eviction that resulted in a general judgment for the landlord
- ☐ Inaccurate or false information on the application
- ☐ Unacceptable criminal history
- ☐ Inability to verify information regarding criminal history
- ☐ Insufficient income
- ☐ The property was rented to someone else
- ☒ Failure to meet other screening guidelines: Criteria

Screening Charge Returned: ☐ Yes ☒ No ☐ N/A

Because you application did not meet our standards, we are:

☒ Denying your application ☐ Requesting an increased deposit and/or co-signer

If checked, the adverse action taken was based in whole or in part on information received from a person or company other than a consumer reporting agency. You have the right to request from us, in writing within 60 days of receiving this letter, the nature of that information.

If checked, the adverse action taken was based in whole or part on a credit report. This consumer reporting agency that provided the report was:

| ☐ | ☐ | ☒ |
|---|---|---|
| **CBI Equifax Credit Information** | **Experian (formerly TRW)** | **Trans Union Consumer Relations** |
| **PO Box 105851** | **PO Box 2002** | **PO Box 1000** |
| **Atlanta, GA 30348** | **Allen, TX 75013** | **Chester, PA 19022** |
| **800-685-1111** | **888-397-3742** | **800-916-8800** |
| www.equifax.com | www.experian.com | www.transunion.com |

While the consumer reporting agency listed above provided information about your credit or history, it took no part in making the decision regarding you application, nor can it explain why adverse action was taken.

Under the Fair Credit Reporting Act (15 USC 1681j), you have the right to obtain a copy of your consumer credit report. To obtain a free copy, you must request it withing 60 days of the date you receive this letter by writing or telephoning the consumer reporting agency checked above.

If you believe any information in your report is wrong, you have the right under the same Act (15 USC 1681j) to dispute the accuracy or completeness of the information and to put into your report a consumer statement of up to 100 words explaining your position on the item under dispute. Trained personnel are available to help prepare consumer statements.

You also have certain rights under credit reporting and consumer protection laws in Oregon. For further information, you could contact a consumer protection agency or the Attorney General’s office.

Metco Investment Realty

Owner/Agent Date: 01/29/25

# EXHIBIT T-3

Metco’s document titled “APPLICANT SCREENING CRITERIA” produced to the Oregon Real Estate Agency.

Source: Oregon Real Estate Agency (OREA) file, Complaint No. 2025-44 (Bryson response package).

1 page follows.

# APPLICAT SCREEIG CRITERIA

**APPLICATI**

- Any person applying for a unit must be eighteen (18) years of age or older. Each applicant over 18 years of age must submit a completed application.
- Each applicant shall provide government issued photo identification and valid Social Security card or ITIN card.
- Failure to meet the screening criteria may be grounds for: (1) the denial of the application, or (2) the requirement of payment of an additional security deposit..

**ICME**

- Combined household gross income shall be a minimum of 2 the monthly rent.
- Applicant(s) shall show two years of consistent income/employment. It shall be the obligation of the applicant(s) to provide proof of income with pay stubs, tax returns or other financial data. Stability of the source and amount of income will be considered. All sources of income shall be legally obtained and verifiable.

**HSIG REFERECES**

- Applicant(s) shall provide information necessary to evaluate current and previous rental history for the past three (3) years. Information obtained from those related by blood or marriage may require an additional deposit.

**CREDIT HISTR**

- Applicant shall demonstrate a positive credit history. A valid explanation for negative items appearing on applicant's credit report will be considered.

**ARRESTS CVICTIS**

- Convictions of a crime or misdemeanor are not an automatic disqualification to residency. Factors such as seriousness of the crime, length of time since the conviction and/or completion of sentence will be considered. Any individual whose occupancy could constitute a direct threat to health or safety of other individuals or could result in physical damage to the premises will be denied.

**DEMEAR AD BEHAVIR**

- The behavior and demeanor of applicant(s) during the application process will be considered.

**LIMITATIS**:

- Occupancy, in general, may not exceed two (2) persons per bedroom.
-
- **SMIG**
-
- **PETS**
-
- **MARIJAA MEDICAL R THER ISE ALL ED**

Acceptance or denial of the application may take up to seven business days. When you are notified that your application has been approved, you have 48 hours to bring in a security deposit to reserve the unit and complete the deposit to hold form. The unit will not be considered reserved until the deposit to hold form has been completed.

# EXHIBIT T-4

Metco's Terms of Agreement for rental applicants, including the provision addressing applicants who cannot provide a Social Security or ITIN card (first page, final paragraphs).

Source: OREA file, Complaint No. 2025-44: pages 4–5 of Daniel Lohr's application record. The same Terms appear word for word in Ms. Lohr's application record (Exhibit T-7, pages 4–5).

2 pages follow.

# Metco Investment Realty, Inc. Terms of Agreement

Welcome and thank you for your interest in a METCO property! We view our applicants and tenants as clients and our goal is to have this application process to go as smoothly as possible. To help achieve this, please make sure you are familiar with the specific property you are applying for, go through the application completely before submitting it, prepare required attachments in digital form and carefully follow all instruction. Applications cannot be saved in process and INCOMPLETE APPLICATIONS WILL NOT BE PROCESSED.

**Be prepared to pay a NON-REFUNDABLE ONLINE APPLICATION SCREENING FEE OF $35.00** or as specified in the specific property listing, per applicant over the age of 18. ANY PERSON over the age of 18 whom will reside at the residence and/or whom will be financially responsible (co-signers if allowable) must submit a separate rental application. Your application will not be considered complete and your place in line will not be secured until ALL required applications, with required supporting documentation, have been received completed.

Owner/Agent has charged a screening charge as set forth above. Owner/Agent may obtain a consumer credit report and/or an Investigative Consumer Report which may include the checking of the applicant's credit, income, employment, rental history, and criminal court records and may include information as to his/her character, general reputation, personal characteristics and mode of living. You have the right to request additional disclosures provided under Section 606 (b) of the Fair Credit Reporting Ace, and a written summary of your rights pursuant to Section 609 (c). You have the right to dispute the accuracy of the information provided to the Owner/Agent by the screening company or the credit reporting agency as well as complete and accurate disclosure of the nature and scope of the investigation. SCREENING COMPANY OR CREDIT REPORTING AGENCY:
Company name: TransUnion
Phone: 844-245-4071
Address: P.O. Box 1000 Chester, PA 19022
Email: TUCTS@transunion.com

If the application is approved, applicant will have 48 hours from the time of notification to either, at Owner/Agent's option, execute a rental agreement and make all deposits required thereunder or make a deposit to hold the unit and execute an agreement to execute a rental agreement which will provide for the forfeiture of the deposit if applicant fails to occupy to unit. If applicant fails to occupy the unit. If applicant fails to timely take the steps required above, he/she will be deemed to have refused the unit and the next application for the unit will be processed.

GOOD FAITH ESTIMATE
Call Metco office 541-683-9001 to get approximate number of units currently available, or which will in the foreseeable future be available, of the size and in the area requested by applicant or to get approximate number of applications previously accepted and currently under consideration of those units.

We review completed rental applications in the order in which they are received. Submitting this rental application does not guarantee that you are first in line for the property. We recommend you contact our office to verify the status of applications on the property before deciding to submit an application.

In addition to fully completing this application, you will be required to attach a digital copy of government issued photo identification, front and back, and a digital copy of your social security or ITIN card. These are required so that we are able to run background and credit checks. If you are not able to provide either of these 2 (two) items but can provide an alternative we will consider this on a case by case basis.

You must be prepared to provide 3 years of verifiable residential rental history with current contact information for any rental reference. If you have owned your home or your rental references include family and/or friends, you must state so. Keep in mind we will make good faith efforts to contact rental references but must move on and your application may be denied after 2 (two) failed attempts or a 48 hour period, whichever comes first.

You will also be asked to provide information on your monthly income. Please note we will require a minimum

combined household gross (before taxes) income of between 2 1/2 to 3 times the stated monthly rent amount to be considered. Proof of income must be attached to this application and must be verifiable via pay stubs, tax returns and/or official statements from government agency.

Occupancy, in general, is limited to 2 (two) people per bedroom.

# EXHIBIT T-5

The written response of Matthew Bryson to the Oregon Real Estate Agency concerning Plaintiffs' complaint.

Source: OREA file, Complaint No. 2025-44 (Bryson response letter).

3 pages follow.

Dear Oregon Real Estate Board,

Thank you for the opportunity to respond to Mr. Daniel Lohr's complaints filed with your agency on February 3, 2025. As the Principal broker of a professional rental agency in good standing with the OREA and all other governing agencies for almost 40 years, I take complaints and accusations of this nature very seriously.

With the following timeline of events, statements of factual occurrences, and attachments provided, I am confident it will be demonstrated that there has been no violation of any laws, state, federally, or otherwise, and that Mr. Lohr's complaints pertaining to this matter, though compelling to support his personal situations, contain inaccurate interpretations of state and federal fair housing laws, are unfounded, and hold no merit where the OREA or other federal agencies are concerned. Furthermore, that myself and all Metco staff members treated Mr. Lohr in a fair, professional, and respectful manor, fully within our rights under all OREA and other governing agency statutes.

As I believe will come to light during this review, Mr. Lohr's evasive, argumentative, and threatening demeanor towards myself and Metco staff members throughout this application process would be considered unacceptable, which in of itself could have been grounds for this applications denial pursuant with Metco's stated screening criteria. With this, I believe you will see Mr. Lohr and his mother were extended above and beyond what could be considered reasonable accommodations for the subject matters he brings forth in his arguments throughout this application process

*Mr. Lohr submitted the attached online application to Metco for a residential single family rental dwelling on January 6, 2025. He included attachments of some of the standard verifications Metco requests pursuant with our online application completion instruction and the attached written screening criteria. At that time, Mr. Lohr applied by himself with disclosure that his mother would also be submitting an application to reside with him and be an additional financially responsible party. No mention or request for any form of reasonable accommodation pertaining to himself or his mother were included at that time.

*On January 17, 2025, The Metco property manager in charge of this applications processing, Kim Armstrong, made the determination that the verifications Mr. Lohr had provided when submitting his application were insufficient and/or not complete enough to provide confirmation he met Metco's stated income or other Criteria. At that time, Mrs. Armstrong directed another Metco Staff Member, Patrice Slaten to begin reaching out to Mr. Lohr to request he provide additional information and certain verifications that appeared missing from his initial application.

See attached subsequent text messaging conversation between Mrs. Slaten and Mr. Lohr. between 8:13 am and 9:45 am on this same date of which the following should be noted:

1) Mrs. Slaten throughout this conversation makes polite request for specific verification types that would be commonly asked of any Metco applicant, provides reasonable alternatives and explanation as to the type, reasoning, and how Mr. Lohr might provide the requested information.
2) Mr. Lohr clearly becomes argumentative and evasive concerning Mrs. Slaten's financial verifications request. To the extend one might have reasonable concern over Mr. Lohr trying to hide something or avert further ingestion into his financials, particularly where IRS tax reporting is concerned. He continues to provide incomplete or unsatisfactory verifications and attempts to persuade Mrs. Slaten to circumvent criteria required of all other applicants.
3) Mr. Lohr makes no reference to or request for any form of accommodations.

*On January 20, Mrs. Slaten again politely requests the name and social security verifications to run a third-party credit and criminal background check which is stated in our criteria and being required of all applicants. She also

informs Mr. Lohr that Metco had not yet received his mother's application and that his application was considered incomplete without it or the other verifications requested of him. The attached application and initial income verifications were received for Mr. Lohr's Mother.

1) At this point the application could have been denied but Mrs. Armstrong elected to extend the accommodation of allowing Mr. Lohr more time to submit the requested information even though no accommodations request had been made.
2) Mr. Lohr makes no reference to or request for any form of accommodation during this conversation or as part of his mother's application.

*Between January 21 and January 22, 2025 Mrs. Slaten again requests income verifications and attempts to clarify rental reference information.

See attached subsequent text messaging conversation between Mrs. Slaten and Mr. Lohr from January 21, 2025 through January 22,2025 which the following should be noted:

1) Mr. Lohr continues to refuse to provide requested verifications then becomes argumentative and condescending to Mrs. Slaten and towards our standard processes. Specifically, he refuses to provide copies of his tax returns which would be required of any Metco applicant claiming to be self-employed, attempts to convince Mrs. Slaten to overlook him having to meet criteria with an offer of advance rent payments, which goes against our standard policies, and insinuates Metco and Mrs. Slaten do not know how to do their jobs.
2) Mr. Lohr makes no reference to or request for any form of accommodation during this conversation.

*On January 23, 2025, Mrs. Slaten continues to work with Mr. Lohr in obtaining rental references and income verifications. At this time, Mr. Lohr makes his first reference towards a request for any form of reasonable accommodation.

See attached subsequent text messaging conversation between Mrs. Slaten and Mr Lohr. Mrs. between 1:18 pm and 1:37 pm on this same date of which the following should be noted:

1) Mr. Lohr makes this request on behalf of his mother, not himself.
2) As is permissible under federal law and would be asked of any applicant, Mrs. Slaten requested Mr. Lohr provide relevant information in support of this request, necessary to qualify whether or not reasonable accommodation under State and Federal Fair housing laws apply.
3) Mr. Lohr provides a vague response citing his mother's age with a possibly of having a disability as the reasons accommodations were necessary with an over reaching request he be granted accommodations pertaining to his, not his mother's income and "…..or any other concerns…" .
4) Based Mr. Lohr's response and the information provided, a determination was made at that time that it did not appear Mr. Lohr's stated reasons of his mother's age and her only "potentially" being disabled, with no specific accommodations being requested, that this qualified for accommodations under the Federal Fair Housing Act. That said, and as will be further evidenced in this response, Metco continues to extend accommodations pertaining to his income, time frame for supplying requested documentation, and our acceptance of certain incomplete income statements throughout the application process.

*From the period January 24, 2025 through January 28, 2025, regardless of our determination that accommodations were likely not required under the Federal Fair Housing laws, Mr. Lohr was extended the accommodation of additional time to produce the verifications that had previously been requested and explained to him on multiple occasions. Specifically, that he provides tax documents so his stated income and his

social security number could be verified. He in turn continues dodge these requests and provides income sources that are incomplete or unverifiable pursuant with the criteria that had previously been outlined to him.

See attached subsequent text messaging conversation between Mrs. Slaten and Mr. Lohr from January 24, 2025 through January 27, 2025 which the following should be noted:

1) The additional income sources and the screen shots of financial account statements that Mr. Lorh provides could not be verified due to them not containing the account holder name or account number as previously stated to him as a requirement for us to use them.
2) No specific request was made that Metco overlook these requirements.

*On January 29, 2025, Mr. Lohr's application was submitted to me for upper management/Principal Broker review with a recommendation this application be denied based Mr. Lohr's failure to provide requested verifications, specifically tax documents so that his stated self-employment income and his social security number could be verified; also with notation of concern over his evasive, forceful and condescending demeanor towards Metco staff both written and verbally throughout the application process. Mr. Lohr was provided our attached standard form denial letter citing his application had been denied based on his failure to meet our screening guidelines. I would also point out that as an accommodation, Mr. Lohr's nor his mother's credit scores were used for or stated as a reason for this applications denial.

*On January 30, 2025, Mrs. Armstong responded to Mr. Lohr's request to provide clarification on the reasoning for this applications denial.

See attached subsequent text messaging conversation between Mrs. Armstrong and Mr. Lohr. between 3:46 pm and 4:00 pm on this same date of which the following should be noted:

1) Mrs. Armstrong affirms that the reason Mr. Lohr's application was denied was due to his failure to provide the requested verifications of his social security number and tax returns.
2) Mr. Lohr continues to interject unsupported claims and convince us to overlook our stated criteria by telling Mrs. Armstrong she should accept alternative forms of verifications that were not requested, further demonstrating demeanor which we find unacceptable and which further supports grounds for application denial.

*On January 30, 2025, the attached email correspondence was received from Mr. Lohr which appears a mirror copy of the complaint filed with this department. I would note that the majority of the context of this email and his complaints as he expresses them, as has been demonstrated, do not pertain to the actual reasoning for this applications denial.

*On January 31, 2025, Mr. Lohr was provided the attached email response From Mr. Bryson further affirming Metco's position on this matter in a professional manor.

In conclusion, it is my sincere hope this board will consider all of the facts I have presented as well as take into account the highly subject demeanor Mr. Lohr displayed throughout this application process with conclusion that Metco acted in a lawful, fair, and professional manor while extending reasonable accommodations consistent with Mr. Lohr's requests. Furthermore, that Mr. Lohr's unfounded complaints do not meet any of the thresholds required to justify further administrative action where the OREA is concerned.

Sincerely,

Matt Bryson
President / Principal Broker
Metco Investment Realty, Inc.

# EXHIBIT T-6

The email sent by Matthew Bryson on or about January 31, 2025 (subject: "1975 Chambers St - Application Denial").

Source: OREA file, Complaint No. 2025-44 (Bryson supplement of February 12, 2025, attaching this email).

1 page follows.

Gmail **Matt Bryson <mbryson@metcorealty.com>**

# 1975 Chambers St - Application Denial

**Matt Bryson** <mbryson@metcorealty.com> Fri, Jan 31, 2025 at 2:33 PM
To: "Tinyhouseshed@gmail.com" <Tinyhouseshed@gmail.com>
Bcc: Brian Cox <bcox@coxassociates.info>, Brent Zimmer <bzimmer@metcorealty.com>, Kim Armstrong <karmstrong@metcorealty.com>, Patrice Slaten <pslaten@metcorealty.com>, Sherry Bryson <sbryson@metcorealty.com>

Mr. Lohr,

I have reviewed the email you sent to Mrs.Slaten this morning as well as the circumstances leading to the denial of your application for the above referenced property.

As stated in the denial letter that was provided to you, your application was denied based on your failure to meet our screening criteria. Specifically, as was further explained to you, failure to provide us with adequate income and other verification documentation that is standard and would be required of any applicant under these circumstances.

I believe Metco and its staff have acted fully in accordance with all governing laws in a non-discriminatory fashion and in fact, went above and beyond what is required of us in allowing you the opportunity to provide said verifications.

With that, I hereby request any further communications or demands pertaining to this matter be directed to me at this email address or delivered to Metco in writing at the address listed below from your attorney or a governing agency. Complaints of merit will be forwarded to our legal council for review and promptly responded to.

Sincerely,

--
**Matt Bryson**
**President / Principal Broker**

**Metco Investment Realty Inc.**
**388 Q Street**
**Springfield, OR 97477**

**Phone:** **(541) 683-9001**
**Facsimile:** **(541) 683-3957**
**E-Mail:** **mbryson@metcorealty.com**
*OREA # 201209720*

**www.metcorealty.com**

NOTICE: The information contained and attached to this email message is privileged or confidential and is intended only for use by the recipient(s) named above. If the reader or recipient of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify Metco Investment Realty, Inc immediately by responding directly to sender or calling senders contact number listed above and delete the original message.

# EXHIBIT T-7

The application record for Carolyne Lohr dated January 20, 2025.

Source: OREA file, Complaint No. 2025-44. Redacted under Fed. R. Civ. P. 5.2(a) on page 2: Social Security number, month and day of birth, government ID number.

7 pages follow.

# Rental Application for Carolyne P. Lohr



## 16501

| | |
|---|---|
| Address | 1975 Chambers St. Eugene, OR 97405 |
| Submitted | Via Website on 01/20/2025 at 01:29 PM |
| Reported Source | Friend/Family |
| Market Rent | $1,995.00 |
| Desired Move In | 02/01/2025 |

## Applicants

Carolyne P. Lohr

## Grouped Applications

Dan J. Lohr

## Dependents

*Applicant did not provide any dependents.*

## Pets

*Applicant did not provide any pets.*

## Vehicles

*Applicant did not provide any vehicles.*

## Emergency Contact

| | |
|---|---|
| Name | Richard Lohr |
| Address | 25500 Adams Rd Los Gatos, CA 95033 |
| Phone Number | (408) 781-5944 |
| Email Address | richardalohr@aol.com |
| Relationship | Ex husband |

# Carolyne P. Lohr

| | | | |
|---|---|---|---|
| Email | tinyhouseshed@gmail.com | Phone | (541) 292-2829 mobile |
| Type | Financially Responsible | | |

## Residential History

| | |
|---|---|
| Current Address | 1825 N Stapley Dr<br>Unit 2027<br>Mesa, AZ 85203 |
| Resided | From September 2018 to -- |
| Monthly Payment | 1,895.00 |
| Landlord | Ici Management - Phone: (480) 827-0407, Email: esthere@icimanagement.com |
| Reason for leaving | Health reasons....moved in with family/son |
| Last Verification Emailed | -- |
| Previous Address | 11736 Coral Hills Place<br>Dallas, TX 75229 |
| Resided | From June 1992 to September 2018 |
| Monthly Payment | 2,000.00 |
| Landlord | owned house - Phone: (541) 292-2829, Email: tinyhouseshed@gmail.com |
| Reason for leaving | Sold house and moved closer to family |
| Last Verification Emailed | -- |

## Income

## Employment Details

| | |
|---|---|
| Employer Name | retired |
| Address | 37071 wallace creek rd<br>retired<br>retired, OR 97478 |
| Employer Phone Number | (541) 292-2829 |
| Monthly Salary | 1,987.00 |
| Position Held | social security |
| Years Worked | 40 |
| Supervisor Name | Me |
| Supervisor Title | -- |
| Supervisor Email Address | tinyhouseshed@gmail.com |
| Last Verification Emailed | -- |

## Additional Income

*Applicant did not provide any additional income.*

## Personal Information

| | |
|---|---|
| Date Of Birth | XX/XX/1945 (month and day redacted) |
| SSN (or ITIN) | REDACTED (Fed. R. Civ. P. 5.2(a)) |
| Government Issued ID # | REDACTED |
| Issuing State/Territory | AZ |

# Financial Information

### Bank Accounts

*Applicant did not provide any bank account information.*

### Credit Cards

*Applicant did not provide any credit card information.*

# References

| Name | Address | Phone Number | Relationship |
|---|---|---|---|
| Barbara Reed | San Jose, California | (408) 234-6492 | Long time friend |

# Questions

Have you been a defendant in an unlawful detainer (eviction) lawsuit or defaulted (failed to perform) any obligation of a rental agreement or lease (except for general eviction judgments entered on claims that arose on or after 4/1/2020 and before 3/1/22?

No

--

Have you ever been convicted of a crime?

No

--

Have you ever filed suit against a landlord?

No

--

Do you have a an aquarium or any other water filled furniture?

No

--

Are you a smoker?

No

--

Do you owe money to any previous landlords (except for unpaid rent, including rent reflected in judgments or referrals of debt to a collection agency, that accrued on or after April 1, 2020, and before March 1, 2022)?

No

--

Additional comments?

No

--

# Metco Investment Realty, Inc. Terms of Agreement

Welcome and thank you for your interest in a METCO property! We view our applicants and tenants as clients and our goal is to have this application process to go as smoothly as possible. To help achieve this, please make sure you are familiar with the specific property you are applying for, go through the application completely before submitting it, prepare required attachments in digital form and carefully follow all instruction. Applications cannot be saved in process and INCOMPLETE APPLICATIONS WILL NOT BE PROCESSED.

**Be prepared to pay a NON-REFUNDABLE ONLINE APPLICATION SCREENING FEE OF $35.00** or as specified in the specific property listing, per applicant over the age of 18. ANY PERSON over the age of 18 whom will reside at the residence and/or whom will be financially responsible (co-signers if allowable) must submit a separate rental application. Your application will not be considered complete and your place in line will not be secured until ALL required applications, with required supporting documentation, have been received completed.

Owner/Agent has charged a screening charge as set forth above. Owner/Agent may obtain a consumer credit report and/or an Investigative Consumer Report which may include the checking of the applicant's credit, income, employment, rental history, and criminal court records and may include information as to his/her character, general reputation, personal characteristics and mode of living. You have the right to request additional disclosures provided under Section 606 (b) of the Fair Credit Reporting Ace, and a written summary of your rights pursuant to Section 609 (c). You have the right to dispute the accuracy of the information provided to the Owner/Agent by the screening company or the credit reporting agency as well as complete and accurate disclosure of the nature and scope of the investigation. SCREENING COMPANY OR CREDIT REPORTING AGENCY:
Company name: TransUnion
Phone: 844-245-4071
Address: P.O. Box 1000 Chester, PA 19022
Email: TUCTS@transunion.com

If the application is approved, applicant will have 48 hours from the time of notification to either, at Owner/Agent's option, execute a rental agreement and make all deposits required thereunder or make a deposit to hold the unit and execute an agreement to execute a rental agreement which will provide for the forfeiture of the deposit if applicant fails to occupy to unit. If applicant fails to occupy the unit. If applicant fails to timely take the steps required above, he/she will be deemed to have refused the unit and the next application for the unit will be processed.

GOOD FAITH ESTIMATE
Call Metco office 541-683-9001 to get approximate number of units currently available, or which will in the foreseeable future be available, of the size and in the area requested by applicant or to get approximate number of applications previously accepted and currently under consideration of those units.

We review completed rental applications in the order in which they are received. Submitting this rental application does not guarantee that you are first in line for the property. We recommend you contact our office to verify the status of applications on the property before deciding to submit an application.

In addition to fully completing this application, you will be required to attach a digital copy of government issued photo identification, front and back, and a digital copy of your social security or ITIN card. These are required so that we are able to run background and credit checks. If you are not able to provide either of these 2 (two) items but can provide an alternative we will consider this on a case by case basis.

You must be prepared to provide 3 years of verifiable residential rental history with current contact information for any rental reference. If you have owned your home or your rental references include family and/or friends, you must state so. Keep in mind we will make good faith efforts to contact rental references but must move on and your application may be denied after 2 (two) failed attempts or a 48 hour period, whichever comes first.

You will also be asked to provide information on your monthly income. Please note we will require a minimum

combined household gross (before taxes) income of between 2 1/2 to 3 times the stated monthly rent amount to be considered. Proof of income must be attached to this application and must be verifiable via pay stubs, tax returns and/or official statements from government agency.

Occupancy, in general, is limited to 2 (two) people per bedroom.

# Applicant Authorization

By checking the box and electronically signing your full name below, you declare that all your statements in this application are true and complete. If you fail to answer any question or give false information, the property may reject your application, retain all application fees and deposits as liquidated damages for its time and expense, and terminate your right of occupancy.

By submitting this electronic application, you are directing and authorizing Metco Investment Realty, Inc. to verify the information you've provided and obtain additional background information about you through any means, including (i) using a third party consumer reporting agency such as AppFolio, Inc., 70 Castilian Dr. Goleta, CA 93117, 866.648.1536, to prepare a consumer report or an investigative consumer report and/or (ii) verifying information by contacting personal and professional references, employers and other rental housing owners. You further direct and authorize Metco Investment Realty, Inc. to obtain from any law enforcement agency, present or past employer or supervisor, landlord, finance bureau/office, credit bureau, collection agency, college, university or other institute of learning or certification, private business, military branch or the national personnel records center, personal reference and/or other persons, and authorize the same to give records or information that any such entities may have concerning your status as a registered sex offender (as allowed by law), criminal history (as allowed by law), motor vehicle/driving history, earnings history, credit history, character, general reputation, personal characteristics, mode of living, employment records, record of attendance and earned degrees or certificates, or any other information requested, whether the said records are private or public, and including those which may be deemed to be privileged or confidential in nature. Preparation of all consumer reports and investigative consumer reports will follow federal, state and local laws and regulations.

You have the right, upon written request made within a reasonable time after receipt of this notice, to request disclosure of the nature and scope of any consumer report or investigative consumer report. Please be advised that the nature and scope of the most common form of investigative consumer report obtained with regard to tenants is an investigation into your prior rental history, education, and employment. You also acknowledge that our Privacy Policy is available to you.

I understand that if I want a paper copy of this Applicant Authorization, I may print it out or I may request a copy by contacting Metco Investment Realty, Inc.. I understand that typing my name in the "Authorized/Acknowledged by" section, checking the box next to the words "I have received..", and clicking on the Submit Application button below, constitutes my electronic signature, dated as of when I click on the Submit Application button, and that by doing so:

• I am authorizing Metco Investment Realty, Inc. to conduct the background check(s) described above.
• I am consenting to use electronic means to (i) sign this form, (ii) receive the Applicant Authorization appearing above, and (iii) receive any legal notices electronically.

[X] I have received and read a copy of the Terms of Agreement shown above. I have also received and read a copy of the Summary of Your Rights Under The Fair Credit Reporting Act. I agree to be billed for the processing of my application. This transaction will be processed and is not contingent on acceptance or denial.
[X] I would like to receive a free copy of my background check report

Authorized/Acknowledged by (Type your Full Name below):

x Carolyne P Lohr

Date: 01/20/2025

# Federal and State Disclosures

View a summary of your rights under the Fair Credit Reporting Act:
https://public.cdn.appfolio.com/public/documents/fair_credit_reporting_act_summary.pdf

*Washington State applicants only:* You also have the right to request from the relevant consumer reporting agency a written summary of your rights and remedies under the Washington Fair Credit Reporting Act.

*New York/Maine applicants only:* You have the right to inspect and receive a copy of any investigative consumer report requested by the Landlord by contacting the relevant consumer reporting agency identified directly. You may also contact the Company to request the name, address and telephone number of the nearest unit of the consumer reporting agency designated to handle inquiries, which the Company shall provide within 5 days.

*California applicants or residents only:* Under California Civil Code section 1786.22, after proper identification, you are entitled to find out what is in the ICRA's file on you, as follows:

• In person, by visual inspection of your file during normal business hours and on reasonable notice. You also may request a copy of the information in person. The ICRA may not charge you more than the actual copying costs for providing you with a copy of your file.
• A summary of all information contained in the ICRA's file on you that is required to be provided by the California Civil Code will be provided to you via telephone, if you have made a written request, with proper identification, for telephone disclosure, and the toll charge, if any, for the telephone call is prepaid by or charged directly to you.
• By requesting a copy be sent to a specified addressee by certified mail. ICRAs complying with requests for certified mailings shall not be liable for disclosures to third parties caused by mishandling of mail after such mailings leave the ICRAs.

"Proper Identification" includes documents such as a valid driver's license, social security account number and military identification card. The ICRA may only require additional information concerning your personal or family history in order to verify your identity if you can not identify yourself with such information.

The ICRA will provide trained personnel to explain any information furnished to you and will provide a written explanation of any coded information contained in files maintained on you. This written explanation will be provided whenever a file is provided to you for visual inspection. You may be accompanied by one other person of your choosing, who must furnish reasonable identification. An ICRA may require you to furnish a written statement granting permission to the ICRA to discuss your file in such person's presence.