FILED16 OCT '26 10:13USDC-ORP

Benny Poon and Mary Poon
Defendants, self-represented
1124 NE 186th Drive
Portland, OR 97230
Benny telephone: 971-287-9362
Mary telephone: 541-513-5780
Email: danapoon@ymail.com

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

CAROLYNE LOHR and DANIEL LOHR, Plaintiffs,

v.

METCO INVESTMENT REALTY, INC., et al., Defendants.

Case No. 6:26-cv-00034-AP

**POON DEFENDANTS' SEPARATE RULE 26(f) STATEMENT AND SUPPORT FOR METCO'S PROPOSED SCHEDULE**

Defendants Benny Poon and Mary Poon, each appearing for himself or herself only, submit this separate statement of their positions under Federal Rule of Civil Procedure 26(f).

## 1 Updated scheduling position

The Poon Defendants previously expressed a preference to proceed under the original schedule while remaining willing to consider an extension for a specific need. They now support the proposed schedule in Section 7 of the Rule 26(f) Report dated October 7, 2026, submitted by Metco Investment Realty, Inc., Matthew Bryson, Kim Armstrong, and Patrice Slaten (the "Metco Defendants"), subject to the Court's approval.

The Poon Defendants support the following dates exactly as proposed in that report:

Joinder of parties: October 30, 2026.

Amended pleadings: October 30, 2026.

Discovery cutoff: March 31, 2027.

Dispositive motions: May 31, 2027.

Joint ADR Report and proposed Pretrial Order: May 31, 2027.

These are proposed dates, subject to the Court's scheduling orders and applicable time-computation rules. The Poon Defendants ask the Court to specify the operative deadlines, including those proposed for May 31, 2027, a federal holiday. They also support arranging discovery so that responses and any discovery motions are due within the discovery period. This statement does not itself extend any outstanding written-discovery response deadline.

## 2 Conference and language access

Benny Poon and Mary Poon conferred with Plaintiffs by email on September 18, 2026, regarding Rule 26(f) planning, with assistance from their daughter, Dana Poon, as an interpreter. Because of their limited English proficiency, they request written communication for routine matters and Cantonese interpretation for any required conference, hearing, deposition, or mediation.

**3 Disclosures and discovery subjects**

Benny Poon and Mary Poon each served their separate initial disclosures under Rule 26(a)(1) on October 9, 2026, by first-class United States mail on Plaintiffs Carolyne P. Lohr and Daniel Lohr and on Y. Moin Ghadimi, counsel for the Metco Defendants. They will supplement their disclosures as required by Rule 26(e).

The Poon Defendants anticipate discovery concerning the management agreement and allocation of rental-management duties, the handling of Plaintiffs' rental applications, communications with Metco and the owners. They will respond individually to discovery directed to them, subject to specific objections permitted by the Rules and any applicable court orders.

**4 Electronic information and preservation**

The Poon Defendants will preserve potentially relevant documents, emails, text messages, and other electronically stored information within their possession, custody, or control. They propose production in the ordinarily maintained form or another reasonably usable form, subject to applicable rules and specific requests. They propose conferring about production formats, relevant metadata, disputed preservation or search issues, and reasonable arrangements to avoid unnecessary duplication and expense.

**5 Privilege confidentiality and discovery limits**

The Poon Defendants propose addressing privilege and trial-preparation protection under Rule 26(b)(5), including conferral about descriptions of withheld materials and inadvertent production. They support appropriate confidentiality protection and use of the Court's model Tier 1 Protective Order as a starting point, subject to the terms the Court enters.

Plaintiffs' First Combined Discovery Requests directed to Benny Poon contain 16 numbered requests for admission, 12 numbered interrogatories, and 10 numbered requests for production, totaling 38 numbered requests. The separate set directed to Mary Poon contains the same counts. Across those two sets, the totals are 32 requests for admission, 24 interrogatories, and 20 requests for production, or 76 numbered requests. These counts do not separately count possible interrogatory subparts or include requests directed only to other defendants.

For context, Section 5 of the Metco Defendants' October 7, 2026 report states that they had received over 139 requests for admission, 25 interrogatories, and 35 requests for production, and that Plaintiffs appeared to be seeking further interrogatories and an additional 52 requests for admission. Those figures are Metco's reported figures as of that report, not requests served on the Poon Defendants, and are not included in the owners' totals above.

The Poon Defendants share Metco's concern about onerous, overly burdensome, irrelevant, or unreasonable discovery. They contend that portions of the requests directed to them are overbroad and disproportionate to the needs of this case to the extent they demand information unrelated to the claims or defenses, unnecessary duplication, or private third-party information without appropriate limits or protection. For example, Interrogatory No. 11 seeks every other Oregon residential rental property owned since January 1, 2023; Requests for Production Nos. 3 through 5 broadly seek tenancy communications, a later tenant's records, and a full year of owner financial statements. They request that any disputed scope be tied to a demonstrated connection to the claims and defenses, appropriate time periods, and protection of private information.

The owners' separate response obligations, substantially overlapping requests, need for language assistance, and the breadth of the requested records create burdens that should be considered

under Rule 26(b)(1). The Poon Defendants request discovery proportionate to the needs of this case and reasonable efforts to narrow duplicative or unnecessarily broad requests while preserving each party's right to obtain relevant, nonprivileged information.

The Poon Defendants propose good-faith conferral to resolve these issues and, if necessary, seeking a protective order under Rule 26(c) to limit or sequence particular discovery and protect confidential information. They do not claim that the numerical counts alone establish an improper request or that all discovery is irrelevant. Specific objections and responses will be addressed request by request; this report does not replace those responses, stay discovery, or extend response deadlines.

**6 Further case management**

The Poon Defendants request that mediation or another settlement process occur after sufficient discovery for meaningful participation, with Cantonese interpretation arrangements addressed in advance. They will participate as the Court directs. They take no position in this statement on Metco's proposed request concerning Daniel Lohr's role as Carolyne Lohr's scribe. This statement expresses only the Poon Defendants' own case-management positions; it does not adopt other parties' factual assertions or represent an agreement of all parties.

Dated: 10/16/2026

Benny Poon, Defendant, self-represented

Mary Poon

Mary Poon, Defendant, self-represented

**CERTIFICATE OF SERVICE**

I certify that on 10/16/2026, I served a true and correct copy of the foregoing Poon Defendants' Separate Rule 26(f) Statement and Support for Metco's Proposed Schedule by placing copies in the United States mail, first-class postage prepaid, addressed to:

Carolyne P. Lohr and Daniel Lohr
38965 Dexter Road SPC 20
Dexter, OR 97431
Plaintiffs, self-represented

David W. Corneil and Y. Moin Ghadimi
Gordon Rees Scully Mansukhani, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Counsel for Metco Investment Realty, Inc., Matthew Bryson, Kim Armstrong, and Patrice Slaten

Dated: 10/16/2026

Signature of person completing service: BW

Printed name: BENNY POON